## LOCKRIDGE v. DAGGETT ET AL.

1. **Tax Deed:** STATUTE OF LIMITATIONS. The holder of a tax deed may recover possession as against a stranger after the lapse of five years from the recording of the tax deed.

*Appeal from Harrison District Court.*

THURSDAY, MARCH 21.

ACTION to recover possession of eighty acres of land. The defendants filed an answer, the second division of which is as follows: "For other and further defense to the plaintiff's cause of action defendants say that the plaintiff's pretended title is based upon a tax deed issued to William Sunderlin, and made and dated September 10, 1869, and recorded September 22, 1869; that this action was commenced and the petition filed therein on the 30th day of December, 1875; that more than five years had elapsed from the time of the issuing and recording of said deed before this action was commenced as aforesaid." To this division of the answer the plaintiff demurred in the following words: "Now comes the plaintiff and demurs to the second

division of the answer upon the ground that the said division does not state facts sufficient to constitute a defense to this action, for that it does not state that the defendants, or either of them, or any person under whom they claim, were in possession of said premises at the time the plaintiff's deed was executed, or that any one was in possession of said premises or any part thereof at any time prior to the commencement of this action, or at any time within the five years from and after the recording of said tax deed." The court overruled the demurrer, and neither party offering any evidence the plaintiff's petition was dismissed. Plaintiff appeals.

*Monk & Selleck*, for appellant.

*Montgomery & Scott*, for appellee.

ADAMS, J.—The petition avers that the plaintiff is the owner of the property and that the defendants unlawfully keep him out of possession. The facts averred in the second division of the answer and admitted by the demurrer are that the plaintiff's title, whatever he has, is derived through a tax deed which was recorded September 22, 1869, and that the action was commenced December 30, 1875. The question presented is as to whether the fact that the defendants were in possession at the time the action was commenced, and the further fact that the action was not commenced within five years from the recording of the tax deed, are sufficient to defeat the tax title. We think they are not.

1. TAX DEED: statute of limitations.

This case differs from *Barrett v. Love*, decided at the December term, 1877, in this, that in that case the defendant held the patent title and took possession before the expiration of the five years. In this case, so far as the second division of the answer is concerned, the sufficiency of which we are considering as a defense, we must assume that the defendants are strangers to the title, and did not take possession until after the lapse of the five years from the recording of the tax deed. It is urged by defendants that it may be presumed that they were in possession before the lapse of the five years, but we see nothing upon which to base such presumption. We know of

no rule of law which would justify us in presuming that because the defendants were in possession on the 30th day of December, 1875, they were in possession on the 22d day of September, 1874. It appears to us, therefore, that if we should sustain the ruling of the court below we should hold, virtually, that the holder of a tax title cannot recover possession as against a stranger who takes possession after the lapse of five years from the recording of the tax deed, and such, we think, is not the law.

If the second division of the answer is not to be taken as a complete defense, but was designed to be taken with other parts of the answer, then a different question would be presented. In such case a demurrer was improper, and should have been stricken from the files on motion. The division, however, is numbered and denominated another and further defense. The plaintiff in demurring assumed that it was pleaded as a complete defense, and the defendant, by proceeding to a hearing upon the demurrer instead of moving to strike the demurrer from the files, admitted that it was so pleaded.

In our opinion it was not sufficient as a defense, and the demurrer thereto should have been sustained.

REVERSED.