LOCKRIDGE v. DAGGETT ET AL.

1. **Tax Deed:** STATUTE OF LIMITATIONS: WHO MAY PLEAD. The statute of limitations can be pleaded to an action for possession under a tax deed only by the true owner of the land, and his title pleaded must be one upon the strength of which he could recover if plaintiff in the action.

2. ——: ——: ——. The special limitation of five years, imposed on actions for possession of land sold for taxes by section 902 of the Code, applies only to actions between the holder of the tax deed and the owner of the land at the time of the sale, or those claiming through him. Actions between the former and other claimants are governed by the general statute of limitations.

*Appeal from Harrison District Court.*

WEDNESDAY, SEPTEMBER 22.

ACTION to recover possession of certain real estate. The plaintiff's title is based on a tax deed recorded September 22, 1869, and this action was commenced December 31, 1875.

The defendants pleaded the statute of limitations and that they were in possession of the premises in controversy. Trial to the court, and judgment for the plaintiff. The defendants appeal.

*Scott & Hight,* for appellants.

*Monk & Selleck,* for appellees.

SEEVERS, J.—The validity of the tax title is in no manner assailed. The only question being whether the action is

1. TAX DEED: barred. It is provided by statute, " but no person
statute of
limitations: shall be permitted to question the title acquired
who may
plead. by a treasurer's deed, without first showing that he, or the person under whom he claims, had title to the property at the time of the sale." Code, § 897.

" No action for the recovery of real property shall lie, unless the same be brought within five years after the treasurer's deed is recorded." Code, § 902.

The land in controversy was sold in 1866, for the taxes of 1864. In June, 1865, the county of Harrison conveyed the premises to Jonathan West. The deed recites the land had been "patented to said county as swamp lands."

The defendants claim under said West, the premises having been conveyed to them in December, 1872. They entered into possession in November, 1872, and have remained in possession since that time, and have made valuable improvements thereon.

There was no evidence tending to show, other than the recital in the deed from the county, that said county had any title to said premises or that the land was swampy, and passed under the act of Congress to the county. It becomes, therefore, material to determine whether, in view of the statute hereinbefore set out, the defendants can avail themselves of the limitation contained therein to defeat a recovery.

When this cause was before us at a former term, it was held that a stranger to the title could not plead the statute of limitations in bar of a recovery. *Lockridge v. Daggett*, 47 Iowa, 679.

In *Chandler v. Keeler*, 46 Iowa, 596, it was held a person in possession, who was in fact the owner, but whose record title was defective, could defend against an alleged tax title.

The statute expressly provides that the owner alone can question the tax title. The limitation was enacted for his benefit only, and, therefore, a stranger to the title or a trespasser cannot defeat the tax title by pleading the statute. So far there does not seem to be room for controversy. And we regard it equally clear the term owner only includes such a person as who, if plaintiff, could recover on the strength of his own title.

If this be not the rule then the statute is practically ignored, and who may defend as against a tax title becomes doubtful and uncertain, while the construction we have adopted has for its basis the statute, and certainty in the place of doubt and uncertainty. The whole theory of the statute in relation

to tax titles is based on the thought that the question as to a recovery under such a title is solely between the owner and holder of such title.

It is unnecessary to determine whether an equitable owner, or the holder of such a title, can defend against a tax title or not, because it is not claimed the defendants had any title whatever other than above stated. The question, therefore, as to the rights of the holder of an equitable title in the premises is not determined. Tested by what has been said the defendants had no title, and, therefore, could not defeat a recovery.

AFFIRMED.

ON REHEARING.

DAY, J.—Upon petition of appellants, a rehearing was granted in this case. The plaintiff has replied and the cause 2. —— : ——: is again submitted for determination. Appellants —— . earnestly contend that the doctrines of the general statute of limitations are applicable to the special limitation prescribed in section 902 of the Code, and that it is necessary to show only that the defendant is in possession under color of title, or claim of right. We will for a moment consider this claim and see what would be its practical effects. For illustration we need not go beyond the facts of this case. Lands have been sold and conveyed for the non-payment of taxes. The taxes were regularly assessed, became delinquent, and the land was sold in every respect in conformity with law. The deed has vested in the plaintiff all the right, title, interest and estate of the former owner and also all the right, title, and interest and claim of the State and county. Code, § 897. We cannot conceive of a title more complete and absolute. But the defendants procure a deed from one holding a conveyance from a remote grantor, who in fact is not shown to have any title. They thus acquire color of title, though no title in fact. With the color of title thus obtained they go into possession. Now if the plaintiff had derived title by ordinary conveyance

from the owner of the patent title, he would have had ten years from the time defendants went into possession, within which to bring his action for a recovery of the land. But holding under a tax deed, which vests in him not only all the title of the original owner, but all claim of the State and county, it is insisted that he cannot maintain any action for the recovery of the land unless he bring it within five years from the recording of his deed. There is no reason why there should be such discrimination against the holder of a legal title properly acquired, and we cannot believe that it was the intention of the statute to create such discrimination.

The statute was, as held in the foregoing opinion, intended to apply only between the tax title purchaser and the owner at the time of the sale, or one deriving title from such owner. As between them the policy of the law is to shorten the period of controversy. But when one not the owner, and having mere color of title, goes into possession, there is no reason why the holder of a valid tax title should not have the same time as the holder of any other valid title to test the right of the occupant. It is claimed that our former decision is in conflict with *Barrett v. Love*, 48 Iowa, 103. It is conceded that the party in possession in that case, and claiming the benefit of the statute, was the owner of the patent title. It was not, and could not have been, determined in that case that the statute could be made available to one not the owner. The appellants further insist, however, that they do not question plaintiff's title to the land, but only claim that he is not entitled to possession, and that, therefore, section 897 of the Code is not applicable. The ordinary incident of title is that it entitles the holder of it to possession. The defendants deny the existence of this ordinary incident in this case. They insist that plaintiff's title does not confer upon him the ordinary and usual advantages of a title. To this extent they do question plaintiff's title.

It is further claimed by the appellants that the provision in section 897 of the Code, that no person shall be permitted

to question the title acquired by a treasurer's deed, without first showing that he, or the person under whom he claims title, had title to the property at the time of the sale," applies only to the questioning of the title in the manner and for the reasons set forth in that section, and has no application whatever to the limitation prescribed in section 902. If this position should even be conceded, still it would not follow that a correct conclusion was not reached upon the former appeal.

The position would still remain that it was not the purpose of section 902 to discriminate generally against the holder of a title derived through sale for delinquent taxes, but only to prescribe the time within which disputes should be settled between him and the owner.

We are satisfied that in the foregoing opinion a correct result was reached.

AFFIRMED.