WEARIN ET AL. v. MUNSON.

1. **Injunction to Restrain Waste:** EVIDENCE OF TITLE AND POSSESSION. An injunction asked by plaintiffs to restrain defendant from cutting timber from certain land was properly refused, where plaintiffs failed to show that the title of the land was in them, or that they were in possession thereof.

*Appeal from Mills District Court.*

WEDNESDAY, DECEMBER 12.

THE petition states: *First*, That plaintiffs are the widow and heirs at law of Josiah Wearin, deceased; *Second*, That plaintiffs, as such widow and heirs at law, are the owners of certain real estate, described in the petition; *Third*, That defendant makes some claim to said real estate adverse to the plaintiffs; and, *Fourth*, That said real estate has been actually and notoriously in possession of their ancestor and themselves for the last twenty years, under a claim of ownership, and that defendant has cut down and converted to his own use valuable timber growing on said real estate, and threatens to continue doing so, and that he is insolvent. The relief asked is that the case be heard in equity, and that a temporary injunction be issued restraining the defendant

from committing waste; that the claims of the respective parties be determined; and for general relief.

The defendant answered the petition, and denied each allegation therein, except the first and third propositions above stated, which were admitted. There was a trial to the court, the petition was dismissed, and plaintiff appeals.

*Watkins & Williams*, for appellants.

*John Y. Stone*, for appellee.

Seevers, J.—I. It will be conceded that the plaintiffs are entitled to the relief asked in the petition, if they on the trial established the allegations thereof. It is admitted that the plaintiffs are the widow and heirs at law of Josiah Wearin.

There was introduced in evidence a deed from Mills county, conveying the real estate to Josiah Wearin in June, 1870, in pursuance of a pre-emption made in 1855, but there is no evidence that Mills county was the owner or had any title to the real estate in controversy. This being so, the evidence fails to show that Josiah Wearin at his death had title. In the absence of evidence, it cannot be presumed that the land in question was swamp land; nor can it be presumed that, if it was such, the title thereto was vested in said county.

II. There is no evidence tending to show that Josiah Wearin or the plaintiffs were in actual possession of the real estate. But counsel claim that it should be presumed that they were, because of the conveyance from Mills county.

We have no occasion to determine what the rule would be, if such conveyance vested the legal title in the ancestor of the plaintiffs. But, as has been seen, it does not have such effect, and, therefore, to recover, it was incumbent on the plaintiffs at least to show such actual possession as is alleged in the petition.

Affirmed.