## VARNUM v. SHULER ET AL.

1. **Tax Title:** WHO MAY QUESTION: STATUTE OF LIMITATIONS. Action to quiet a tax title. Defendants claimed title under the government, but they failed on the trial to trace their title to the United States. *Held* that they were not in a situation to question the tax title, under Code, § 897,—not even to the extent of pleading the special statute of limitation contained in Code, § 902. (See *Lockridge v. Daggett*, 54 Iowa, 332.)

2. **Practice on Appeal:** CORRECTION OF CLERK'S DOCKET. The abstract in this case states that the appeal is from the circuit court, but it clearly appears from the whole record that it is from the district court, and it is ordered that the clerk's dockets, which follow the abstract, be corrected to show the appeal as from the district court.

*Appeal from Poweshiek District Court.*

SATURDAY, JUNE 12.

ACTION in chancery to quiet and establish plaintiff's title to certain land against the claims of defendants. The answer of defendants alleges that plaintiff's claim of title is based upon certain tax sales and deeds, which, it is averred, are irregular, fraudulent and void. Defendants allege that they hold the patent title to the land, and pray that it be

quieted in them. They claim in their pleadings that plaint-iff's action is barred by Code, § 902, providing that no action for the recovery of property sold for the non-payment of taxes can be maintained unless brought within five years after the tax deed was executed and recorded. After a trial upon the merits, the district court entered a decree granting the relief prayed for by plaintiff. Defendants appeal.

*John T. Scott*, for appellants.

*Clark Varnum*, appellee, *pro se*.

BECK, J.—I. The plaintiff claims title under a tax sale and deed, of which due proof was made at the trial. He 1. TAX title: seems to hold two or three successive tax deeds, who may question: but relies on the one last executed. Nothing statute of limitations. further need be said as to his title, in the view we take of the case, than that the sales and deeds appear to be valid. In other-words, he claims title under a treasurer's deed which, upon its face, is regular and formal. While the defendants allege in their answer that they hold the government title, which is denied by plaintiff, they failed to introduce evidence establishing this averment. They introduced in evidence a conveyance to themselves and another to their grantors, and then stopped, utterly failing to show that they hold title to the property.

II. Code, § 897, provides that "no person shall be permitted to question the title acquired by a treasurer's deed without first showing that he, or the person under whom he claims title, had title to the property at the time of the sale." Defendants, having failed to establish the patent title in themselves, cannot dispute the tax title of plaintiff, and they can not defeat recovery by plaintiff, under Code, § 902, which limits actions for the recovery of land sold for taxes to five years after the treasurer's deed was executed and recorded. *Lockridge v. Daggett*, 54 Iowa, 332. Here this case ends.

The defendants cannot, in this action, question the title held by plaintiff under the treasurer's deed. The decree of the district court, therefore, rightly quieted his title against all claims held by defendant.

III. Defendant's abstract shows that the appeal was taken from the circuit court. An amended abstract, which 2. PRACTICE is not denied by defendants, shows that it is from on appeal: the district court; and the contents of the clerk's docket. original abstract verifies this amendment. The dockets of the clerk follow the abstract. They will be corrected, so as to show the appeal as being from the district court.

AFFIRMED.