Foster & Co. v. Ellsworth.

FOSTER & Co. v. ELLSWORTH.

1. **Tax Sale and Deed**: ACTION TO SET ASIDE: CROSS-PETITION TO QUIET: EVIDENCE: PRACTICE. Plaintiffs, claiming to be the patent owners, brought their action to set aside a tax deed to defendant's grantor. Defendant, in a cross-petition, to which there was no reply, sought to have his title quieted. After the introduction of the evidence and the argument, plaintiffs, having failed to show that they or their grantors had title at the time of the tax sale. (Code, § 897,) dismissed their petition. *Held* that defendant had the right to proceed with the trial of the cause made by the cross-bill, and that, upon his showing a tax deed sufficient on its face to convey the title to his grantor, he was entitled to a decree, because the court could not consider any evidence of the invalidity of the tax deed without first finding that plaintiffs were the holders of the patent title. (See *Varnum v. Shuler*, 69 Iowa, 92.)

*Appeal from Wright District Court.*

FRIDAY, MARCH 11.

THIS action involves the title to real estate in Wright county. The plaintiff claimed the land under the patent title, and averred that, though the same had been sold for taxes, and a treasurer's deed executed, yet the period for redemption had not expired, because no proper notice of expiration of redemption had been given. The defendant filed a cross-bill setting up title under a tax sale and deed to one Young, and a warranty deed from Young to the defendant. The prayer of the cross-bill was that the title to the land be quieted in the defendant. No reply was filed by the plaintiff. After the evidence was introduced, and after the arguments of counsel were made upon the hearing of the cause, the plaintiffs dismissed their case without prejudice, to which the defendant objected. Thereupon the defendant demanded a decree quieting his title to the land, and submitted his case upon his answer and cross-bill and evidence, and the court dismissed the cross-bill. Defendant appeals.

*Nagle & Birdsall*, for appellant.

*W. T. R. Humphrey*, for appellees.

ROTHROCK, J.—The plaintiffs doubtless dismissed their case because they failed to prove that they were the owners of the patent title. Code, § 897, provides that "no person shall be permitted to question the title acquired by a treasurer's deed without first showing that he, or the person under whom he claims title, had title to the property at the time of the sale." Plaintiffs introduced in evidence a conveyance to them from one Casper Geisart, and made no further proof of title. They therefore utterly failed to show title in themselves, or in Geisart, under whom they claimed.

The defendant introduced in evidence a tax deed which was regular upon its face, and appeared to be a conveyance of the land in due form of law to one Young, the assignee of the tax-sale certificate. He also put in evidence a warranty deed of the land from Young to himself. When the plaintiffs dismissed their action, the cause stood upon the cross-bill of the defendant, without answer or reply. The cross-bill was in proper form, with all the averments necessary for an original petition to quiet title. It is questionable whether the plaintiffs had the right to introduce any evidence, or, rather, whether they did not withdraw their evidence with the dismissal of their case. They were in default for want of an answer to the cross-bill. But this question we need not determine. It was the defendant's right to proceed with the trial of the case made in his cross-bill, notwithstanding the plaintiffs dismissed their action, (Code, § 2846;) and when he presented a treasurer's deed, which upon its face was sufficient to convey a title, the court could not consider any evidence of the invalidity of the deed without first finding that the plaintiffs were the holders of the patent title. *Varnum v. Shuler*, 69 Iowa, 92.

We think the court should have entered a decree quieting the title to the land in the defendant.

REVERSED.