## KREUGER v. WALKER.

1. **Evidence**: RECORD OF DEEDS : FOUNDATION. In an action to quiet a tax title, where the testimony of plaintiff, though somewhat indefinite, tended to show that he never had had the tax deeds in his possession ; that he tried to obtain them ; that the deeds from the tax purchaser to him were in the possession of one S.,—for what purpose does not appear,—and that he had endeavored to procure them from S., but without success, *held* that this laid a sufficient foundation for the introduction of the record of the deeds, under section 3660 of the Code.

2. **Tax Title :** CONVEYANCE WITHOUT WIFE : ACTION TO QUIET. Where a husband owns a valid tax title in his own name, and he deeds to another, it is not necessary that his wife convey her right of dower to enable his grantee to recover the land from the holder of the patent title.

3. **Evidence**: RECORD OF DEED DEFECTIVELY ACKNOWLEDGED. When the certificate of acknowledgment of a deed executed in another state fails to show that the grantor acknowledged its execution to be his " voluntary " act and deed, or its equivalent, the defect is fatal, and the record of the deed does not impart constructive notice to subsequent purchasers, and is not admissible in evidence to prove the conveyance, unless it is first affirmatively shown that the acknowledgment is sufficient according to the laws of the state where made, and therefore sufficient in this state, under section 1, chapter 203, Laws of 1884. (See opinion for citations.)

4. **Tax Title :** WHO MAY QUESTION : INSUFFICIENT PROOF OF PATENT TITLE. No one may question the validity of a tax title unless he shows that he is the owner of the patent title. (See Code, sec. 897, and citations in opinion.) And where the plaintiff in an action to quiet his tax title attached an abstract of title, from which it appeared that the patent title came into the hands of one C., and that C.'s heirs conveyed to defendant, and defendant filed a cross-petition to have the title quieted in him, and adopted plaintiff's abstract as the only evidence of his title, *held* that it was insufficient, because it was not an admission that C. was dead, but only that the deed to defendant so recited ; and such recitation was not evidence of the fact. (See opinion for citations.)

*Appeal from O'Brien District Court.*—HON. SCOTT M. LADD, Judge.

FILED, JUNE 5, 1890.

THIS is an action in equity by which the plaintiff seeks to quiet his title to certain lands in O'Brien county. There was a decree for the plaintiff, and defendant appeals.

*Warren Walker* and *H. E. Long*, for appellant.

*Stocum & Brady* and *J. L. E. Peck*, for appellee.

ROTHROCK, C. J.—I. The plaintiff claims title to the land under certain tax deeds made by the treasurer of O'Brien county to H. Greve in January, 1878, and by conveyance from Greve to the plaintiff, made in May, 1878. The defendant claims title under a patent from the United States, and by a chain of intermediate conveyances to himself. The principal questions in the case arise upon the validity of the tax titles.

1. EVIDENCE: record of deeds : foundation.

It is claimed by appellant that the plaintiff did not show that the land was conveyed by H. Greve to the plaintiff, and that for that reason the decree should have been for the defendant. The original tax deeds and deeds from Greve to the plaintiff were not in the plaintiff's possession during the progress of the trial, and he sought to prove them by the record of conveyances. It was objected by defendant that no foundation had been laid for the introduction of the record. The court appears to have been of opinion that the objection was well taken, and all the other evidence was introduced, and the cause was continued to give plaintiff time to make the showing. A deposition was taken which left no doubt of the right of the plaintiff to introduce the record of the deeds. But it is not properly shown that this deposition was considered by the court. The record of the further proceedings in the case is silent as to this question. But the court regarded the evidence before it when it decided the case as sufficient to authorize a decree for the plaintiff. We are of opinion that, so far as the decree involved a finding that the

Kreuger v. Walker.

proof was sufficient to authorize the introduction of the record, it is correct even if the deposition was not considered. The showing made upon the trial appears to us to have been sufficient without the deposition. It is provided by section 3660 of the Code that "the record of an instrument, or a duly authenticated copy thereof, is competent evidence whenever, by the party's own oath or otherwise, the original is shown to be lost or not belonging to the party nor within his .control." The testimony of the plaintiff, taken on the trial, we think, was sufficient to authorize the introduction of the records, if they were in.other respects competent. It appears from plaintiff's testimony that the original deeds were not in his possession, nor under his control; that he had made efforts to produce the same and had. not succeeded. The testimony is somewhat indefinite, but it tends to show that he never had the tax deeds in his possession ; that he tried to obtain them ; and that the deeds from Greve to him were in possession of one Swan, for what purpose does. not appear, and that the plaintiff endeavored to procure them from Swan but without success. We need not set out the testimony in detail.

II. It is further claimed by appellant that the acknowledgments of the deeds made by Greve to the

**2. Tax title: conveyance without wife: action to quiet.** plaintiff are defective, and that, for that reason, the record thereof was not competent evidence. The deeds appear to have been acknowledged by Greve before a notary public in the state of Minnesota, and by Marie Greve, his wife, before a court commissioner in the state of Wisconsin. The title to the land was in Greve, and it is immaterial whether his wife joined in the conveyance or not, so far as the right of the plaintiff to maintain the action is

**3. Evidence: record of deed defectively acknowledged.** involved. He could recover the land by showing a conveyance from Greve without any conveyance of the inchoate right of dower of his wife. The acknowledgment of the deeds taken in Minnesota are in this form :

"STATE OF MINNESOTA, }
"County of Ramsey.    } ss.

"On this twenty-fifth day of May, A. D. 1878, before me, a notary public in and for said Ramsey county, personally appeared H. Greve, to me personally known to be the same person described in, and who executed, the foregoing deed, and acknowledged that he executed the same for the uses and purposes therein mentioned.                      ANSEL OPPENHEM,

"[ Seal.]      Notary Public, Ramsey Co., Minn."

It will be observed that this acknowledgment does not certify that Greve, the grantor, acknowledged the instrument to be his voluntary act and deed, as required by section 1958 of the Code. It has frequently been held by this court that the omission of the word voluntary, or its equivalent, in a certificate of acknowledgment is a fatal defect, and does not impart constructive notice to a subsequent purchaser. *Wickersham v. Reeves*, 1 Iowa, 413 ; *Dickinson v. Davis*, 12 Iowa, 353 ; *Bell v. Evans*, 10 Iowa, 353 ; *Newman v. Samuels*, 17 Iowa, 528. Under the rule in these cases, the deeds in question are defectively acknowledged, and the plaintiff had no right to introduce them in evidence. So far as the plaintiff is concerned, then, he had no right to further maintain the action. The record did not show that he was the grantee of Greve. It is true, this acknowledgment was taken in the state of Minnesota, and it may conform to the laws of that state, and, under our own laws, it may be a good acknowledgment. Acts 20th Gen. Assem., sec. 1, chap. 203. But the record does not show that it is in accord with the laws of that state, and it was incumbent on the plaintiff to make that showing. *Greenwood v. Jenswold*, 69 Iowa, 53. This was the end of the plaintiff's case. He could not demand a decree quieting his title without showing that he was the grantee of Greve.

III. The defendant, by a cross-petition, demanded that the tax deeds be held void, and that the title to the

Kreuger v. Walker.

**4. Tax title: who may question: insufficient proof of patent title.** land be quieted in him, because of alleged defects in the tax-sale proceedings. But he has no right to question the tax titles unless he shows that he is the owner of the patent title. Code, sec. 897; *Lockridge v. Daggett*, 54 Iowa, 332; *Varnum v. Shuler*, 69 Iowa, 92; *Bowers v. Hallock*, 71 Iowa, 218. The plaintiff attached an abstract of title to an amendment to his petition, in which all the conveyances of the land, beginning with the patent from the United States, are shown. In this abstract it is stated that certain heirs of John L. Campbell conveyed the land to the defendant Walker. Walker adopted this abstract, and claimed that it was not necessary that he should prove that Campbell was dead, and that the grantors in the deed were his heirs when the deed was made. We do not think that, under the issues, those facts should be held to have been admitted by the plaintiff. The abstract is merely an abstract of the deeds, and should be regarded as admitting no more than that the deed recited that Campbell was dead, and that the grantors in the deed were his heirs. The recitals in the deed were not evidence of the death of Campbell, nor that the grantors were his heirs. *Ross v. Loomis*, 64 Iowa, 432; *Costello v. Burke*, 63 Iowa, 361. It will thus be seen that neither of the parties was entitled to a decree for the land. If a little more attention had been given to trying the case than was given to objections to motions for continuance, and arguing alleged errors of the court in rulings thereon, and other questions of about as little importance, it is probable that the main questions in the case would not have been overlooked. It is very plain from the evidence that the land in controversy was not in the actual possession of anyone until possession was taken by the plaintiff, and that it was taxed to an unknown owner. We make these statements in view of a trial of the case, and leave counsel to infer what the rights of the parties are as to the necessity of a notice of the expiration of redemption.

And the land was properly advertised for sale for taxes, if that is a material question. And the plaintiff was in actual possession of the land for more than five years before he commenced his suit. It will be observed, from these remarks, that we have fully examined the record which the parties have presented to us.

As neither party is entitled to any relief upon this record, the decree of the court below will be reversed, and the cause remanded for a trial in accord with the views above expressed, and each party will be required to pay his own costs in this court.

REVERSED.