J. V. BENJAMIN, Appellant, v. J. J. SHEA, Clerk, etc., Appellee.

1. **Evidence**: COURT FILES. An execution found with the papers in a cause, and purporting to have been issued therein, but not bearing the clerk's seal nor filing mark, is not admissible in evidence in another action in proof of its having been issued in such cause.

2. ———: ATTACHMENT: OFFICER'S RETURN. The words, "duly served," contained in an entry upon the appearance docket of the district

court indicating the return of a writ of attachment, issued in the cause, are not admissible in evidence in proof of the service of such writ.

3. ———: TITLE TO LAND. The testimony of an alleged owner of real estate is not competent in proof of his title.

4. ———: ———: BURDEN OF PROOF: APPEAL. Where the title to real estate was in issue, and the plaintiff in his pleadings and upon the trial assumed the burden of proof thereon, *held*, that upon appeal the plaintiff would not be heard to claim that the burden of proof as to such issue was upon the defendant.

*Appeal from Pottawattamie District Court.*—HON. H. E. DEEMER, Judge.

MONDAY, OCTOBER 12, 1891.

THE plaintiff commenced an action in the district court at Avoca against Anderson Davis on two unmatured promissory notes, executed by Davis to W. H. Longanecker, in which action an attachment was issued and levied upon certain land as the property of Davis. Entry of the levy was made in the incumbrance book kept at the clerk's office at Avoca, but, through neglect of the clerk, was not certified to nor entered in the incumbrance book kept in the clerk's office at the county seat. William Miller, having purchased the land after the levy, intervened in that action, and judgment was entered discharging the land from the attachment. See *Benjamin v. Davis*, 73 Iowa, 715. Judgment was afterwards rendered against Davis on the notes. The appellant alleges that Davis was the owner of the land levied upon; that he has no other property; and that, by the neglect of the clerk, the plaintiff is damaged to the amount of his judgment. Among other defenses set up in the answer is a denial that Davis owned the land attached, and that, at the time the land was discharged from the attachment, the notes were not due; that the indorser was solvent; and that the appellant failed to make demand of payment, and give notice of non-payment to the indorser, thereby

releasing the indorser, whereby he is estopped from maintaining his claim against the defendant. The case was tried to the court, and judgment entered for the defendant upon a finding that "there is no proof that Anderson Davis was the owner of the land at the time of the levy of the attachment, and that the plaintiff, after discovery of the neglect of the defendant, failed to protect the defendant from injury by protesting the notes." The plaintiff appeals.—*Affirmed.*

*Harl & McCabe*, for appellant.

*Walter I. Smith* and *Sapp & Pusey*, for appellee.

GIVEN, J.—I. The appellant assigns as errors a number of rulings admitting and excluding testimony,

1. EVIDENCE: court files.

all of which we have examined, and fail to find any prejudicial error in the rulings. A paper purporting to be an execution in the case of *Benjamin v. Davis* was properly excluded, as it did not bear the clerk's seal or filing mark, and was not otherwise identified than by being found with the papers in that case.

II. The appearance docket showed in the same case, "Writ of attachment returned, and duly served."

2. ——: attachment: officer's return.

The words, "duly served," were properly excluded, as section 3010 of the Code requires that the fact constituting the service shall be stated in the return. *Aultman v. McGrady*, 58 Iowa, 118.

III. Davis' ownership of the land attached was in issue, and called for the best evidence; hence, there

3. ——: title to land.

was no error in excluding Davis' testimony as to his ownership. It is said that other land than that under notice was attached, and that this testimony was to show that he did not own the other land. As neither party was claiming anything in respect to the other land, the inquiry was imma-

terial. Other errors assigned upon the admission and
exclusion of testimony do not require special mention.

IV. Question is made as to which party had the
burden of proving that Davis had an attachable interest
in the land at the time of the levy. The
appellant contends that when he showed
the indebtedness of Davis, the issuing,
levy and return of the attachment, and neglect of the
appellee by which the lien was lost, he was *prima facie*
entitled to recover the full amount of Davis' indebted-
ness, unless the appellee showed that the land, or
Davis' interest therein, was less valuable, or that he
had no interest in the land. There is some conflict in
the authorities upon this subject, yet the weight of
authorities in this country seems to sustain the rule
contended for. 2 Sedgwick on Damages, 449; *Sloan v.
Case*, 25 Am. Dec. 569, and notes; *Ledyard v. Jones*,
7 N. Y. 550; *Harris v. Kirkpatrick*, 35 N. J. Law, 392.
The appellee, without questioning the rule claimed by
the appellant, maintains that, as the appellant alleged,
and throughout the trial assumed the burden of prov-
ing, that Davis owned the land at the time of the levy,
he must continue to carry that burden. The appellant
did allege that Davis owned the land, and, this being
denied, offered testimony for the purpose of showing that
fact, which, as we have seen, was properly excluded.
Some twenty days after the case was fully submitted
and taken under advisement the appellant moved to set
aside the submission, and for leave to introduce further
testimony as to Davis' title, on the ground that it had
been omitted through mistake and oversight, which
motion, being overruled, the appellant excepted. It is
manifest that, throughout the entire trial, the appel-
lant assumed the burden of proving that Davis had an
attachable interest in the land, and it was at no time
claimed that the burden of so proving was not on the
appellant. Whether the rule be as contended by the

4. ——: ——: bur-
den of proof:
appeal.

appellant we do not determine. It would be unjust to permit the appellant to now, for the first time, assert the rule. It would not only be a surprise to which the appellee should not be subjected, but would deprive him of the benefit of testimony which he might have otherwise introduced. The appellant, having thus assumed the burden of proving Davis' ownership, must be held to carry it on this appeal. *Musser v. Maynard,* 55 Iowa, 197; *Denton v. Chicago, R. I. & P. Ry. Co.,* 52 Iowa, 161. The testimony offered being excluded, there was no evidence whatever that Davis had any interest in the land. True, the deed from Davis to Miller is in evidence, but, without showing title in Davis, it proves no ownership in him. *Wearin v. Munson,* 62 Iowa, 466; *Heinrichs v. Terrell,* 65 Iowa, 25. Having assumed, as he did, the burden, it was upon the appellant to show that Davis had an attachable interest in the land at the time the levy was made, which he has entirely failed to do. As for this reason the judgment of the district court must be affirmed, we do not consider the question whether the appellant's failure to protest the notes defeats his right to recover. AFFIRMED.