## W. S. BAIRD v. LOT LAW, Appellant.

**Tax Title:** EVIDENCE. In an action to quiet a tax title, the defendant cannot resist without showing that he has title. Unobjected testimony that "I claim to own the land. I got my deed from C." (a person who is grantee of one holding a void tax deed) does not show such title.

3 SAME. Possession under a void deed is not evidence of title.

STATUTE OF LIMITATIONS. One who holds a void tax deed cannot insist that an action to quiet title against him is barred because not brought within five years after execution of his deed (Code, 902).

*Appeal from Pottawattamie District Court.*—HON. A. B. THORNELL, Judge.

THURSDAY, FEBRUARY 7, 1895.

Action to quiet title to five acres of land. Decree for plaintiff, and the defendant appealed.—*Affirmed.*

*Sims & Bainbridge* for appellant.

*W. S. Baird* and *Lee Swearingen* for appellee.

Granger, J.—The land in controversy is a five-acre tract in the southeast corner of the north one-half of the southeast one-quarter of southwest one-quarter of section seventeen, township seventy-five north, range forty-three. On the twelfth of March, 1869, it was deeded to E. M. Officer, by the treasurer of the county, in pursuance of a previous sale for taxes, and the deed was recorded in May, 1869. E. M. Officer and her husband conveyed the land to the plaintiff in September, 1892. This action is brought to quiet the title upon averments of unqualified ownership. Defendant denies plaintiff's ownership and says that he is the unqualified owner of the land, by virtue of a treasurer's deed thereto to one Perry Reel, made November 16, 1886; the defendant, because of mesne conveyances, being now the owner of the title under such deed. The description of the land in the deed to Reel is as follows: "A part of the S. E. ¼ of S. W. ¼ of Sec. 17, township 75, range 43, Pottawattamie county, Iowa, containing five acres, sold November 5, 1883, at regular sale, for taxes of 1882, to P. J. McMahon, certificate assigned to Perry Reel." The record discloses an attempt by each party to show a patent title through other conveyances, which need not be noticed, in view of the manner in which the case is presented in this court. Plaintiff's tax deed is valid upon its face, but defendant claims it to be invalid because the taxes on the land were actually paid at the time of the sale, although, by mistake, the payments were applied on taxes due on other land. It is claimed by plaintiff, and conceded by defendant, that his tax deed is void for insufficient description, under the holding in *Smith v.*

*Blackiston,* 82 Iowa, 240, 47 N. W. Rep. 1075, and a number of other cases. A claim of defendant's is that, notwithstanding the condition of his title, the plaintiff cannot recover, because he has not shown title in himself, under the rule that his recovery must be on the strength of his own title, and not on the weakness of the defendant's. Plaintiff says, in reply, that he does show title on the face of his deed, and that, because of an absence of title in the defendant, he cannot be heard to question his (plaintiff's) title, and cites the following statute, being a part of Code, section 897, which provides for the issue of treasurers' deeds in pursuance of sales for taxes: "But no person shall be permitted to question the title acquired by a treasurer's deed without first showing that he, or the person under whom he claims title, had the title to the property at the time of the sale, or that the title was obtained from the United States or this state after the sale." This statute has repeatedly been applied in accordance with the letter of it. See *Lockridge v. Daggett,* 54 Iowa, 332, 2 N. W. Rep. 1023, and 6 N. W. Rep. 543; *Varnum v. Shuler,* 69 Iowa, 92, 28 N. W. Rep. 451; *Manufacturing Co. v. Beed,* 69 Iowa, 546, 29 N. W. Rep. 458; *Foster v. Ellsworth,* 71 Iowa, 262, 32 N. W. Rep. 314; *Bowers v. Hallock,* 71 Iowa, 218, 32 N. W. Rep. 268; *Kreuger v. Walker,* 80 Iowa, 733, 45 N. W. Rep. 871.

Appellant says, however, that the defendant was allowed, without objection, to state that "he claimed to own this land," and that such evidence was sufficient to make a prima facie case so as to entitle him to question plaintiff's title under his tax deed. In support of the claim, he cites *Hintrager v. Kiene,* 62 Iowa, 606, 15 N. W. Rep. 568, and 17 N. W. Rep. 910. In that case the parties were permitted to state orally, without objection, that they were the owners of the land, and it was held that they made a prima facie case of

ownership of title.   It cites *Brandirff v. Harrison Co.*,
50 Iowa, 169.   In this case the defendant said:   "I
claim to own this land.   I got my deed from Clatter-
buck."   Clatterbuck took his title from Perry Reel, and
both conveyances were by quitclaim deeds.   The testi-
mony is not that he owns the land, but that he claims
to own it by virtue of his deed from Clatterbuck, which
deed (a quitclaim) is based on a deed conceded to be
void.   This is not a showing of title, but rather a show-
ing prima facie, that he has no title.

Appellant is in possession of the land, and urges
that such possession is prima facie evidence of owner-
ship.   But the record shows that his possession
is by virtue of his void deed only, and such a pos-
session cannot be evidence of title.   The diffi-
culty is that the facts of the case override the presump-
tions that might arise from possession.   It might be
said the presumptions are rebutted by the conceded
facts.   These observations are without conceding, in
this class of cases, the rule as to the effect of possession.

Defendant interposed a plea of the statute of limita-
tions because of his five years' possession.   But his want
of title prohibits him from questioning plaintiff's
title even in that way.   *Varnum v. Shuler*, 69
Iowa, 92, 28 N. W. Rep. 451, expressly holds that
such a plea is not available to question a treasurer's
deed unless the party has title.   It cites *Lockridge v.
Daggett*, 54 Iowa, 332, 2 N. W. Rep. 1023, and 6 N. W.
Rep. 543.

These considerations seem entirely conclusive of
the case, and the judgment is *affirmed.*