STATE OF IOWA FOR THE STATE UNIVERSITY OF IOWA, W. C. HAVRAH, E. S. ELLSWORTH, M. G. HARD, Appellants.

**Tax Deed:** RIGHT OF STATE TO QUESTION. Code, section 897, prohibiting anyone from questioning title acquired by a treasurer's deed, without first showing that he, or the person under whom he claims, had title to the property at the time of the sale, applies to a suit by the state to quiet title to land claimed by defendant under tax deeds regular on their face.

*Appeal from Wright District Court.*—HON. D. R. HINDMAN, Judge.

THURSDAY, APRIL 8, 1897.

THIS is an action in equity by the state, for the use of the Iowa State University, to establish and quiet title in plaintiff to forty acres of land in Wright county. The defendants claim under several tax deeds regular on their face. Decree was entered for plaintiff as prayed, and defendants appeal.—*Reversed.*

*Nagle & Nagle* for appellants.

*A. E. Swisher* and *Ladd & Rogers* for appellee.

LADD, J.—The only evidence tending to establish title in the state is a certified copy of the record of a warranty deed executed by E. Clark and S. J. Kirkwood and wives to the Iowa State University. It is true that a resolution of the board of supervisors refunding taxes, in which this land is mentioned as belonging to the state, and the entry to the same effect on the record of the tax deed, made by the treasurer, were introduced, but it cannot be seriously claimed these are evidences of title. The state did

not undertake to show that Clark and Kirkwood ever had any interest in this land. Section 897 of the Code contains this provision: "No person shall be permitted to question the title acquired by a treasurer's deed without first showing that he, or the person under whom he claims title, had title to the property at the time of the sale, or that title was obtained from the United States or this state after the sale." The tax sales under which defendants claim occurred after the execution of the plaintiff's deed. The object of this statute is to prevent a stranger from questioning the tax title, and to make it secure against all except the true owner. *Adams v. Burdick*, 68 Iowa, 666 (27 N. W. Rep. 911); *Lockridge v. Daggett*, 54 Iowa, 332 (2 N. W. Rep. 1023), and (6 N. W. Rep. 542). The reason of the statute is the same when applied to a suit brought by the state; and it was incumbent on the state, before it could question the title of the defendants, to establish its own. *Varnum v. Shuler*, 69 Iowa, 92 (28 N. W. Rep. 451); *Foster v. Elsworth*, 71 Iowa, 262 (32 N. W. Rep. 314). The plaintiff failed to do this, and yet based its attack on the tax title on the very ground that the property belonged to the state, and for this reason was not taxable. So that, even though the provision quoted were held inapplicable to the state, the plaintiff failed to prove the invalidity of the tax deeds.—REVERSED.