Petersborough Savings Bank, Appellant, v. Des Moines Savings Bank and Simon Casady.

**Tax Deed:** ACTION TO SET ASIDE. Code 1873, section 897, provides that no person shall be permitted to question the title acquired by a tax deed without first showing that he, or the persons under whom he claims, had title at the time of the sale, or that title was obtained from the United States, or the state, after the sale,

1  except that, where the owner of land sold for taxes shall resist the validity of the sale, he may prove fraud committed by the officer selling the land, or the purchaser, to defeat the sale.

2  Defendants were the holders of a mortgage subject to that held by plaintiff, who foreclosed, making defendants parties. After the time for redemption had expired, defendants obtained a tax deed to the property. *Held*, that the introduction of the proceedings in foreclosure and the sheriff's deed to plaintiff, without showing title in the mortgagors, or that plaintiff was the owner, did not entitle plaintiff to have the tax deed set aside and to redeem from the sale, the parties not claiming under the same grantor.

**Review on Appeal:** OBJECTIONS AND EXCEPTIONS BELOW. Under Code 1873, section 897, providing that no person shall be permitted to question a tax title without first showing that all taxes due

3  have been paid by him or his grantors, the failure to plead such payments cannot be taken advantage of on appeal, where defendants fail to save exceptions to the order overruling their demurrer to the petition or plead such non-payment in their answer.

*Appeal from Polk District Court.*—Hon. C. A. Bishop, Judge.

Monday, February 5, 1900.

Suit in equity to set aside a tax deed held by defendants, and to establish plaintiff's right to redeem. The trial court dismissed the petition, and plaintiff appeals.—*Affirmed.*

*Geo. H. Lewis* for appellant.

*Berryhill & Henry* for appellees.

DEEMER, J.—In the year 1888 plaintiff became the owner of a mortgage covering a large number of lots in an addition to the city of Des Moines, among which was the lot covered by defendants' tax deed. November 18, 1895, plaintiff obtained a decree foreclosing its mortgage on the lot in controversy, in an action wherein defendants and others were parties defendant. Sale was made under the foreclosure on December 24, 1895, but deed was not obtained until January 12, 1897. In the fall of 1890 one Coon made a mortgage on the lot in controversy to Lowry W. Goode to secure the sum of two thousand dollars. Goode transferred this mortgage to the Scoville Plumbing Company in payment of an indebtedness he was owing it, and the plumbing company pledged the mortgage to the defendant bank as collateral security for a debt it was owing the bank. This pledge was made in April of the year 1891. This mortgage purported to be a first one, but in fact it was junior and inferior to the one under which plaintiff claims. On July 6, 1893, the lot in controversy was conveyed, subject to incumbrances, to Goode; and under date of February 23, 1895, one E. J. Goode (his wife joining) signed a quitclaim deed covering said property, but in which the name of the grantee was left blank, and delivered it to the Scoville Plumbing Company. Some time in the year 1895 the name of Simon Casady as grantee was inserted in this quitclaim deed, and, after being thus filled out, the deed was filed for record November 18, 1895. Casady is the cashier of the defendant bank, and appellant claims that his name was inserted in the blank deed, and delivered, to aid the bank in the collection of the debt secured by the mortgage that had been pledged to it by the Scoville Plumbing Company, and to save the costs incident to a foreclosure of the Coon mortgage. At the December, 1892, tax sale, the lot in controversy was sold for the taxes of the year 1891, and a certificate was issued to one Irons November 30, 1895. Irons assigned his tax certificate, together with tax receipts

showing payment of subsequent taxes by him for the years
1892, 1893, and 1894, to the Des Moines Savings Bank.
As no redemption was made from the tax sale, a tax deed for
the property was issued to the bank on April 15, 1897.
Notice to redeem was served on defendant Casady, and
publication for the requisite time was also made in a news-
paper published in Des Moines. No other notice was given
to plaintiff or its attorney, and neither had knowledge of
the proceedings until some time after the tax deed was
issued. As soon as plaintiff's attorney discovered that a
tax deed had been issued, he went to the bank, and offered
to take up the tax certificate and fully redeem from the tax
sale. His offer was refused, and thereupon this action was
commenced. It also appears from the evidence that at the
December, 1896, tax sale, the lot was again sold, for the
taxes of the year 1895, to one Nelson Royal, and that there
has been no redemption from this sale. There is no evi-
dence whatever regarding the 1896 taxes. In the petition,
plaintiff offers to pay all taxes that may be found due the
defendants, together with such penalties and interest as
the court may decree; but plaintiff contends that it is not
obliged to pay anything, for the reason that the tax deed is
wholly void. The trial court found that the plaintiff had no
title to the lot, and that defendant bank was the owner
thereof in virtue of its tax deed. Defendants filed a gen-
eral equitable demurrer to the plaintiff's petition, which
was overruled by the court, and thereafter filed a joint
answer containing some admissions, specific denials, and
an affirmative defense to the effect that defendant bank
acquired its tax deed after its interest in the property had
terminated by the decree of foreclosure and sale, and after
the interest of its co-defendant Casady under the Coon mort-
gage and the quitclaim deed had been cut off by the decree
of foreclosure of plaintiff's mortgage, and the sheriff's sale
thereunder. The defendants expressly deny in their answer
that plaintiff is the owner or entitled to the possession of
the property.

A part of section 897 of the Code of 1873, in force when the transactions occurred out of which this action arose, is as follows: "But no person shall be permitted to question the title acquired by a treasurer's deed without first showing that he, or the person under whom he claims title, had title to the property at the time of sale, or that the title was obtained from the U. S. or this state after the sale, and that all taxes due upon the property have been paid by such person or the person under whom he claims title as aforesaid: * * * provided, * * * that in all cases where the owner of land sold for taxes shall resist the validity of such tax title such owner may prove fraud committed by the officer selling the same, or in the purchaser to defeat the same; and if fraud is so established, such sale and title shall be void." This is not such a resistance to the tax title as is contemplated by the proviso found in the section. On the contrary, it is an action to set aside that title, and for permission to redeem. And it is manifest that plaintiff must show that it had title at the time of the sale, or that it acquired title from the state or the United States after the sale, and that all taxes against the property due at the time the action was commenced have been paid. Plaintiff avers that it was the owner of the lot, but makes no statement regarding the taxes. It was established by evidence, however, that the taxes for the year 1895 were paid by sale of the property to one Royal. The only evidence in proof of plaintiff's title was a mortgage executed by Fred D. Goode and George C. Newman to Lowry W. Goode in June of the year 1888, which recites that it was given for the purchase price; an assignment of this mortgage by Lowry Goode to plaintiff under date of August 15, 1888, and a foreclosure and sale under this mortgage resulting finally in the sheriff's deed under which plaintiff claims. It also appears that Fred Goode and Newman conveyed the property by warranty deed to Lowry W. Goode in July of the year 1889, and that

Lowry W. Goode and wife conveyed to Coon in November of the year 1890. In 1891 Coon and wife conveyed by warranty deed to Lowry W. Goode, and on June 27, 1893, Lowry W. Goode and wife conveyed to E. J. Goode. The blank deed in which the name of Simon Casady was inserted was executed by E. J. Goode and wife. The tax deed held by defendant bank is regular in form, and all the presumptions created by section 897 of the Code of 1873 exist in its favor. Has plaintiff brought itself within the provisions of section 897, before quoted? If plaintiff's title obtained through foreclosure of its mortgage were an independent one, such as a tax deed confers, there would be no doubt that it had proved ownership sufficient to allow it to question the defendant's tax deed. *Adams v. Burdick,* 68 Iowa, 666. But a mere right to a tax deed is not sufficient. *Johns v. Griffin,* 76 Iowa, 419. Plaintiff's claim is through its mortgagor, Goode, and Newman. The sale under foreclosure, and the failure of the mortgagor or the other defendants to redeem, simply operated to vest the property of the mortgagors in the purchaser. And the introduction of the proceedings and deed did not prove title in the plaintiff. The title required to be shown is such an one as that the party claiming thereunder might, if plaintiff, recover on. *Lockridge v. Daggett,* 54 Iowa, 332. See, also, *Varnum v. Shuler,* 69 Iowa, 92; *Foster v. Ellsworth,* 71 Iowa, 262; *Kreuger v. Walker,* 80 Iowa, 733; *Manufacturing Co. v. Beed,* 69 Iowa, 546; *State v. Havrah,* 101 Iowa, 486; *Bowers v. Hallock,* 71 Iowa, 218. There is no evidence whatever of title in Goode and Newman, and neither plaintiff nor its agent testified that it was the owner. The case is not ruled, therefore, by *Hintrager v. Kiene,* 62 Iowa, 605, and *Pitts v. Seavey,* 88 Iowa, 336. *Chandler v. Keeler,* 46 Iowa, 596, relied upon by plaintiff, is not in point. In that case plaintiff had the legal title, but it was not of record. The decision might also have been based on title by presumption, as in *Shelly v. Smith,* 97 Iowa, 259; *Baird v. Law,*

93 Iowa, 742, is quite in point on the proposition now under consideration. Plaintiff contends, however, that section 897 does not apply, for the reason that both parties to the controversy claim under the same grantors, to-wit, Goode and Newman. If this were true, there would be much force to the argument. But, as we have seen, defendants claim nothing under the quitclaim deed from Goode. They assert the validity of their tax title acquired after their equity of redemption under the mortgage foreclosure had expired. A tax title is not derivative, but a new title, in the nature of an independent grant from the sovereign. Defendants are not, therefore, claiming title from the same source as plaintiff. Indeed, they say the quitclaim deed to Casady is of no validity, because Goode did not authorize the filling of Casady's name as grantee. Defendants have nowhere asserted that Lowry Goode owned the property at any time. Plaintiff proved the mortgage and deed held by defendants, for the purpose of showing the invalidity of their tax title. This evidence was not adduced for the purpose of showing title in defendants under these conveyances, but to defeat their claim under the tax deed. This is not an action to redeem, under section 893 of the Code of 1873. It is, as we have said, an action to set aside the tax deed, and to quiet the title in plaintiff, but there is an offer to pay defendants whatever the court shall adjudge to be equitable. Indeed, plaintiff insists that the tax deed is void, and that it is not required to pay anything. The case is much like *Varnum v. Shuler, supra.* Even if this were an action to redeem, plaintiff was required to show that it was the owner of, or had an interest in, the property. This, as we have seen, it has not done.

II.   The taxes for the year 1895 were paid through the sale to Royal, but there is no showing as to the taxes for the year 1896. The action was commenced after the taxes for that year became due. Nothing was said in the petition regarding these taxes, and it was, no doubt, demurrable.

Defendants filed a general demurrer to the petition, but the demurrer was overruled, and no complaint is made of this ruling. Thereafter defendants answered, as before stated. Proof was made at the trial of the tax sale to Royal, and that such sale was unredeemed from.

As defendants did not except to the ruling on the demurrer, and as they did not plead the nonpayment of subsequent taxes in their answer, they are in no position to insist that plaintiff's action be defeated on this ground. Whether or not plaintiff must show in an action of this kind that a subsequent sale of the land for taxes has been redeemed from, when the land was purchased at such sale by a stranger, has not heretofore been decided by this court. It has been held that it is not necessary when the subsequent purchaser was the holder of the tax title. *Nicodemus v. Young,* 90 Iowa, 423; *Wilkin v. Wilkin,* 91 Iowa, 652; *Lynn v. Morse,* 76 Iowa, 665. As the question suggested is not properly before us, we do not care to decide it at this time.

Some other matters are discussed by counsel, but, as the conclusion reached in the first part of this opinion decides the case, we do not consider them. The decree is AFFIRMED.

GRANGER, C. J., not sitting.