INTER-OCEAN REINSURANCE COMPANY, Plaintiff, Appellee, v. MARGARET V. MORRISON et al., Defendants, Appellees, ANGELINE H. ADAMS et al., Defendants, Appellants.

No. 44615.

Donnelly, Lynch, Anderson & Lynch, and William M. Dallas, for appellee.

F. W. Lohr, for appellants.

MILLER, J.—The appellee, Inter-Ocean Reinsurance Company, commenced a suit against the appellants and certain other defendants to quiet title to 12 lots in Sioux City, Iowa, claiming title thereto under a tax deed. The petition was filed December 4, 1936. On June 29, 1937, appellants filed answer which contained a general denial and also asserted that the tax deed of appellant was invalid because of claimed irregularities in the tax sale and service of notice of expiration of the period of redemption. Appellants also asserted that the tax deed was void on its face in that it did not follow substantially the statutory form of a treasurer's deed, showed the sale of 12 lots or separate parcels of land in one body, was acknowledged before a deputy treasurer as notary public, and was not properly filed of record.

Appellants also asserted in their answer that "if any of the taxes in the tax deed or any of the taxes paid subsequently by the plaintiff are valid and subsisting liens" appellants were ready and willing and offer to pay the amount "justly chargeable against said real estate because of said taxes and tax sale".

On August 18, 1937, appellee secured from the treasurer of Woodbury County 12 tax deeds, each deed conveying a separate lot, and the 12 deeds conveying the same 12 lots apparently described in the single deed referred to in appellee's original petition. Each of the 12 deeds was designated a "correction deed". On September 15, 1937, appellee filed a supplemental

1338

petition declaring upon the 12 separate deeds executed by the treasurer on August 18, 1937, and filed of record August 19, 1937.

On November 26, 1937, appellants filed an amendment to answer denying the allegations in the supplemental petition and asserting that such deeds were invalid for the reason that, at the time of their execution, appellants were in court seeking to redeem from the tax sale and a prior deed thereon held by appellee which appellants asked to have declared invalid. Appellants also asserted that the latter deeds were void and of no force for the reason that the treasurer, in issuing the prior deed, had exhausted his power and authority to make any further deed on the same sale, and that the latter deeds were void on their face in that they do not follow the statutory form of treasurer's deed set out in the code.

On the issues joined as aforesaid, the parties proceeded to trial, the evidence being taken on November 18, 1937. Although the record does not so show, we assume that appellants were granted leave to amend their answer during the trial.

At the trial, appellee introduced in evidence the 12 latter deeds executed and delivered as aforesaid. Appellants objected to the deeds as not being in statutory form, and for the further reason that the appellee, having plead in its petition the various steps and proceedings taken in procuring the deeds, abandoned and waived the provisions of the statute and was required to prove its title by common law proof; also for the further reason that a prior deed had been issued and the treasurer was without power to execute subsequent deeds; also, that, after defendants filed answer denying validity of the first deed and offering to redeem, appellee procured the second deeds without giving appellants an opportunity to redeem, and further that no proper notice of the tax sale was ever published in accordance with section 7255 of the Code.

Appellee did not introduce in evidence the first tax deed. Neither did appellants. It is not before us. Whether or not the objections asserted against the first deed in appellants' answer would have been sustained had the deed been produced, we are not able to determine. Apparently, however, the original deed was defective in some regard for the latter deeds are designated as correction deeds.

Appellants cite and rely upon the holding of this court

in the case of Bulkley v. Callanan, 32 Iowa 461, wherein the court states at page 466 as follows:

"The treasurer, when he made and acknowledged a *valid* deed in accordance with the sale, exhausted his power to make another, and the making of a second deed in such case could have no effect upon the title vested by a prior one. The treasurer has power to make a second deed *only* in case of an informal or insufficient execution of the first in substantial compliance with the law and the sale of the land. Harper v. Sexton, 22 Iowa 442; Finley v. Brown, [22 Iowa] 538; McCready v. Sexton, supra [29 Iowa 356, 4 Am. Rep. 214]; Thomas v. Stickle et al., [32 Iowa] 71."

We think the above statement, made in 1871, is still the law of this state and controlling here. The decisive point is whether or not the first deed was a *valid* and *sufficient* deed. Appellants asserted that it was invalid. They still undertake to assert that. it was invalid. The fact that each latter deed is designated a "correction deed" would indicate that the first deed was at least defective. If the first deed was an insufficient execution, the treasurer did not lose power to execute valid and sufficient deeds. Under the record here, there is no showing that the treasurer exhausted his power to execute valid and sufficient deeds. We have carefully compared the deeds with the provisions contained in section 7285 of the Code, and find that they substantially conform to the requirements of that section. Substantial compliance is all that the section requires. Appellants' objection, based upon the requirements of section 7285 of the Code, is not well taken. The tax deeds introduced in evidence are presumed to be valid. Grove v. Benedict, 69 Iowa 346, 28 N. W. 631. We hold that appellants' objection to the effect that the deeds introduced in evidence show on their face that they are invalid, is without merit.

█ Appellants' objection that the appellee, by its pleadings, had abandoned and waived the provisions of the statute and must prove its title by common law proof, likewise is not well taken. Sections 7287 and 7288 of the Code provide that the tax deed shall be at least presumptive evidence of the facts alleged in appellee's petition, in so far as appellee's title is concerned. The introduction of the deeds in evidence entitled

1340

appellee to all the statutory presumptions. Petersborough Sav. Bk. v. D. M. Sav. Bk., 110 Iowa 519, 81 N. W. 786.

Appellants' objection that the treasurer had no right to issue the deeds because appellants were denying the validity of the first tax deed and offering to redeem therefrom at the time the second deeds were issued, is not well taken. In the first place, the allegations of appellants' answer contained, at the most, only a conditional offer to redeem. In the second place, appellee was entitled to valid and sufficient deeds, and, having once served notice of expiration of the period of redemption, as is presumed from the issuance of the deed, there was no obligation upon appellee to again serve notice of the expiration of the period of redemption before securing valid and sufficient deeds.

The objection of appellants as to the notice of tax sale was without merit, because the issuance of the deeds was *prima facie* evidence that proper notice had been given. Section 7287, Code of 1931.

Accordingly, we find no merit in any of the objections made by appellants to appellee's offer of the tax deeds in evidence. The deeds were properly received in evidence and their reception established a *prima facie* case for appellee.

The only parties to the suit who undertook to resist appellee's petition were the appellants. At the outset, appellants were faced with the provisions of section 7290 of the Code which provide that no person shall be permitted to question the title acquired by a treasurer's deed without first showing that he, or the person under whom he claims title, had title to the property at the time of the sale, or that the title was obtained from the United States or this state after the sale, and that all taxes due upon the property have been paid by such person or persons under whom he claims title.

To prove appellants' title to the premises, it is shown that appellants are two of the heirs at law of one William Chadwick Hutchins, who died intestate in Sioux City, Iowa, on May 19, 1933, and appellants' attorney testified, over objection, that he was well acquainted with all of these lots and the titles; that William Chadwick Hutchins was a client of his; the witness was well acquainted with the titles, having examined all of his abstracts, and the witness stated that, at the time of his death, decedent had the fee title to these lots. Such testimony by ap-

pellants' attorney was objected to for various reasons, among them being that such testimony was wholly incompetent, irrelevant and immaterial, not the best evidence, pure hearsay and the statement of conclusions on the part of the witness. Appellee moved to strike the testimony for the reasons stated in such objections. It seems to us that the objection was well taken, and that the motion to strike must be sustained. Benjamin v. Shea, 83 Iowa 392, 49 N. W. 989; Christenson v. Peterson, 163 Iowa 708, 144 N. W. 315.

Appellants seek to justify the introduction of such secondary evidence of title by citing various authorities for the proposition that, where title to real estate is not in issue, various time-saving methods of establishing title may be employed, and that the method here employed is one of them. The difficulty with appellants' position is that, in this case, appellants' title was in issue. The title to the real estate involved was the issue in this suit. The authorities upon which appellants rely have no application whatever to the situation presented here.

There are, of course, instances in which secondary evidence may be introduced to establish the title to real estate. However, before such secondary evidence can be introduced, a proper foundation for its introduction must be laid. No attempt was made to lay any foundation for so proceeding here. Accordingly, the objections to the testimony of appellants' attorney must be sustained.

The only other evidence introduced by appellants to sustain their claimed title to the real estate was a stipulation that on March 24, 1916, Mary A. G. Koetting and John B. Koetting, wife and husband, executed and delivered to William Chadwick Hutchins a warranty deed covering the real estate involved herein, which deed was duly recorded in March, 1916. There is no evidence in the record to establish what title, if any, said Mary A. G. Koetting and her husband had to the real estate at the time the same was conveyed to appellants' ancestor, nor is there any stipulation or showing regarding what action, if any, appellants' ancestor took in reference to the real estate during the balance of his lifetime. The stipulation is wholly insufficient to establish title in appellants, as heirs of said William Chadwick Hutchins. Baird v. Law, 93 Iowa 742, 61 N. W. 1086; Wearin v. Munson, 62 Iowa 466, 17 N. W. 746; Varnum

v. Shuler, 69 Iowa 92, 28 N. W. 451; Foster & Co. v. Ellsworth, 71 Iowa 262, 32 N. W. 314.

By reason of the foregoing, it definitely appears that appellants have wholly failed to meet the requirements set forth in section 7290 of the Code, and cannot be permitted to question the title acquired by appellee's tax deeds. Hawkeye Sav. & Loan Assn. v. Moore, 139 Iowa 133, 117 N. W. 51; Wilcox v. Ruan, 192 Iowa 520, 185 N. W. 70; Story City v. Hadley, 214 Iowa 132, 241 N. W. 649; Baird v. Law, 93 Iowa 742, 61 N. W. 1086; White v. Hammerstrom, 224 Iowa 1041, 277 N. W. 483; Foster & Co. v. Ellsworth, 71 Iowa 262, 32 N. W. 314; Varnum v. Shuler, 69 Iowa 92, 28 N. W. 451.

It is not necessary to consider the other matters asserted in the brief and argument on behalf of appellants. The decision of the trial court establishing and confirming appellee's title to the real estate involved herein, as against the adverse claims of each and all of the defendants to this suit, must be and it is affirmed.—Affirmed.

MITCHELL, C. J., and SAGER, HALE, BLISS, STIGER, HAMILTON, and OLIVER, JJ., concur.