## ESTATE OF CHARLES G. SCOTT.

S. DIES out of the State, leaving property in Santa Clara county, and the Probate Court thereof takes jurisdiction of the estate and grants letters of administration to K. The widow subsequently files a petition to revoke the letters, on the ground that the Probate Court of San Francisco ought to have issued them, whereupon the Administrator asks the Court to transfer the cause to that Court, representing that the widow and a majority of the witnesses resided there, and that the interest of several persons interested in the estate would be advanced by the transfer, to which both parties agreed. The Court made an order of transfer. The Probate Court of San Francisco, on the papers being filed therein, refused to take jurisdiction of the cause, and ordered the papers back. *Held*, that on these facts, the Probate Court of Santa Clara could not divest itself of jurisdiction and vest it in the Probate Court of San Francisco, and that *mandamus* will not issue to compel the latter Court to take jurisdiction.

The proceedings for the settlement of an estate, and matters connected therewith, are not civil actions within the meaning of sections eighteen to twenty-one of the Practice Act.

APPLICATION for *mandamus* to the Probate Judge of city and county of San Francisco.

Charles G. Scott died out of this State, leaving property in Santa Clara county, where letters of administration were granted to K., a creditor. Subsequently, the widow of S. arrives in California and applies to the Probate Court of Santa Clara to revoke the letters of K., on the ground that they should have been granted by the Probate Court of San Francisco. The attorneys of the widow and of K. then filed a stipulation, agreeing that the cause be transferred to the Probate Court of San Francisco; K. also filing a petition, as Administrator, that the cause be so transferred, on the ground that the widow and a majority of the witnesses resided there, that a portion of the estate of the deceased was there, and that the interests of several persons interested in the estate would be advanced by the transfer. The Santa Clara Court ordered the cause to be trasferred. The papers having been filed in the Probate Court of San Francisco, K. applied to that Court for leave to sell the real estate of his intestate. The Court declined taking jurisdiction of the cause, and made an order retransferring it to the Probate Court of Santa Clara. K. then applied to this latter Court for a like order of sale, but the Court decided it had lost jurisdiction of the cause by the transfer to San Francisco, and declined any order.

The Administrator applies to the Supreme Court for a *mandamus*

Jacobs *v.* Murray.

compelling the Probate Judge of San Francisco to take jurisdiction of the cause.

*R. F. Ryan*, for the Writ.

BALDWIN, J. delivered the opinion of the Court—COPE, J. concurring.

The petition for a *mandamus* is denied.   The Probate Court of Santa Clara had jurisdiction, of which it could not divest itself, and vest the jurisdiction in the Probate Court of San Francisco county, upon the facts in the record.

These proceedings for the settlement of an estate, and matters connected therewith, are not civil actions within the meaning of the Practice Act, secs. 18 to 21.   The Judge of the Probate Court of San Francisco county was right in remanding the cause to the Probate Court of Santa Clara; who will proceed to act in the premises as if no order for the removal of the papers and the matter had been made.