[No. 611. Decided March 3, 1890.]

THE TERRITORY OF WASHINGTON v. JOSEPH KLEE AND JOSEPH MILLER.

ESCHEATS — PROBATE JURISDICTION — DEED BY ATTORNEY IN FACT — EVIDENCE OF TITLE.

A deed purporting to be made by the attorney in fact of the grantor is no evidence of the grantee's title, unless it is also shown that the attorney in fact had authority to make the deed, or that the grantee went into possession under the deed.

A decree of one probate court escheating property to the territory for the support of public schools, because the owner died intestate, leaving no kindred or wife, is void, where the probate court of another county has already granted letters of administration of the estate, the decedent having been a non-resident, and having died outside of the territory, leaving property in both counties.

Where the owner of lands dies intestate, leaving no husband or wife, or kindred, the lands escheat to the state, under § 3302, Code Wash. T., and the title vests immediately in the state on the death of the owner, without the aid or the intervention of the probate court.

*Appeal from District Court, Pierce County.*

The facts are fully stated in the opinion.

*Fremont Campbell*, Prosecuting Attorney, and *E. G. Kreider*, for The Territory.

It is admitted by the pleadings and confirmed in the findings of the court, that Charles Gilbert died intestate, and there being no heirs to said estate, the property escheated *instanter* on the death of said Gilbert to the Territory of Washington. 4 Kent Com. 424; *Sands v. Lyndham*, 27 Gratt. 295 (21 Am. Rep. 348); *Montgomery v. Dorian*, 7 N. H. 475; *Puckett v. State*, 1 Sneed, 355; *Rubeck v. Gardner*, 7 Watts (Pa.) 455; *White v. White*, 2 Metc. (Ky.) 85; *Den v. O'Hanlin*, 21 N. J. L. 582; *O'Hanlin v. Den*, 20 N. J. L. 31; *Colgan v. McKeon*, 24 N. J. L. 567; *Farrar v. Dean*, 24 Miss. 16; *Crane v. Reeder*, 21 Mich. 24; *Holliman v. Peebles*, 1 Tex. 673; *Fairfax v. Hunter's Lessee*, 7 Cranch, 603; *McCaughal v. Ryan*, 27 Barb. 376; *Johnston v. Spicer*, 13 N. E. Rep. 753.

The fact that Pierce county and the Territory of Washington assessed said property is not a waiver of the right of the territory to assert title by escheat. *Reed v. State*, 74 Ind. 252.

*Judson, Sharpstein & Sullivan*, for appellees.

It is well settled that the jurisdiction of a court of equity to quiet the title to land was exercised only when the bill showed that the complainant was in possession of the land. *Frost v. Spitley*, 121 U. S. 552; *Gage v. Abbott*, 99 Ill. 366; *Smith v. Wingard*, 13 Pac. Rep. 717.

In any proceeding, whether it be inquest of office, information, ejectment, or action to quiet title, the plaintiff claiming an escheat must allege and prove seisin, intestacy and want of heirs, and failing to prove either one of these allegations becomes nonsuit. *People v. Cutting*, 3 Johns. 1;

*Hammond v. Inloes,* 4 Md. 138; *University v. Harrison,* 90 N. C. 385; *Catham v. State,* 2 Head (Tenn.), 553; *Crawford v. Commonwealth,* 1 Watts (Pa.), 480. The burden of proof is on the party claiming an escheat to prove that the deceased died leaving no heirs. *University v. Harrison,* 90 N. C. 385; *Wiederanders v. State,* 64 Tex. 133; Ramsey's Appeal, 2 Watts (Pa.), 228; *Hughes v. State,* 41 Tex. 10.

A deed of lands is no evidence of title in the grantor where he is not otherwise connected with the title, or shown to have ever had possession. *Smith v. Lawrence,* 12 Mich. 431; *Farmer's, etc., Bank v. Bronson,* 13 Mich. 361; *Wearin v. Munson,* 62 Iowa, 466.

A deed by an attorney in fact must be accompanied with the power. Abb. Trial Ev. 696; *Denn v. Reid,* 10 Pet. (U. S.) 524; *Videau v. Griffin,* 21 Cal. 389; *Hager v. Spect,* 53 Cal. 579.

But one probate court can have jurisdiction of an estate. *Beckett v. Selover,* 7 Cal. 215, 236; *Grande v. Chaves,* 15 Tex. 551; *Holyoke v. Haskins,* 5 Pick. 20; Wells on Jurisdiction of Courts, § 156. The probate court first acquiring jurisdiction not only cannot be divested of it, but it cannot divest itself of jurisdiction and confer it on another probate court. Code Wash. T., § 1341; Estate of Scott, 15 Cal. 220.

The opinion of the court was delivered by

ANDERS, C. J. — This action was brought by appellant in the district court of the Second judicial district of Washington Territory, holding terms at Tacoma, in Pierce county, to quiet the title to certain land in that county described in the complaint, and to set aside a tax deed made by the sheriff of Pierce county to the defendant, Joseph Klee, and also to set aside a quitclaim deed from the defendant Klee to defendant Joseph Miller, for the reason that they are fraudulent and void, and are a cloud upon the title of plain-

tiff.　Appellant claims title to the land in controversy by escheat from one Charles Gilbert, who, it is admitted, died intestate on the 30th day of August, 1879, at Astoria, in the state of Oregon.　It appears that the land was assessed by Pierce county in the years 1880 and 1881, and that the taxes thereon became delinquent, and that the property was sold by the sheriff in the year 1882 to one Danforth, who received a certificate of sale from the sheriff, which he subsequently transferred to defendant Klee.　On the 9th day of July, 1885, the sheriff executed and delivered the tax deed before mentioned to Joseph Klee, who afterwards conveyed the premises by quitclaim deed to defendant Miller.　It further appears from the record that the deceased, Charles Gilbert, was also at the time of his death the owner of real estate in King county, Washington Territory, and that on the 27th day of June, 1883, the probate court of that county duly appointed A. P. Freeman administrator of the estate of the deceased, Gilbert, but revoked his letters of administration on the 13th day of June, 1884.　On the 10th day of July, 1883, D. B. Hannah filed a petition for his own appointment as administrator of Gilbert's estate in the probate court of Pierce county, and on the 23d day of July, 1883, that court made an order that letters of administration issue to him upon taking the usual oath and filing a bond in a sum specified by the court.　The record does not affirmatively show that Hannah ever filed his oath or bond or that letters of administration were ever issued to him, but it appears from the records of the probate court, introduced in evidence, that on the 17th day of September, 1885, his final account was settled and allowed, and that he was discharged from further liability and action in the matter of said estate, the expenses and charges of administration having been fully paid and discharged by Pierce county. The court also on that day made and entered of record a decree of distribution of said estate, in which it is stated and set forth that there were no heirs living, and that de-

cedent left no wife or kindred, and "that the said estate and the whole thereof be and is hereby declared escheated to the Territory of Washington for the support of common schools in Pierce county." Upon this judgment and decree of the probate court, appellant bases its claim of title to the land described in the complaint.

The only law in our statutes, on the subject of escheats, is contained in § 3302, sub. 8 of the code, which is as follows: "If the decedent leaves no husband, wife or kindred, the estate escheats to the territory for the support of common schools in the county in which the decedent resided during his lifetime or where the estate may be situated."

In order, therefore, to recover in this action, appellant must allege and prove that Charles Gilbert was the owner of the land at the time of his death, and that he left no wife or kindred.   To prove ownership in Gilbert, plaintiff introduced in evidence a deed to him purporting upon its face to have been made by one Matthews as attorney in fact of Gilbert's grantor; but no power or authority for so doing was shown, and no proof made that Gilbert ever went into possession under the deed.   The deed was, therefore, not evidence of title in Gilbert, and unless there is further evidence in the case of Gilbert's title, the court below did not err in finding that he was not the owner of the land in controversy at the time of his death.   *Denn v. Reid*, 10 Pet. 524, 530; *Videau v. Griffin*, 21 Cal. 389; *Hager v. Spect*, 52 Cal. 579; *Smith v. Lawrence*, 12 Mich. 431; *Wearin v. Munson*, 62 Iowa, 466 (17 N. W. Rep. 746).

There is no direct allegation in the complaint that Charles Gilbert died leaving no wife or kindred, but the decree of the probate court of Pierce county so stating is therein set forth.   And it is alleged that appellant, by virtue of this decree, became the owner of the land now in dispute.   Whether this be true or not will depend upon the validity of the decree itself.

Appellees contend that it is not valid or binding upon

them, in any manner whatever, in this action. They claim that the court had no jurisdiction or authority to render it. And they insist that the probate court of King county had exclusive jurisdiction of Gilbert's estate by priority of proceedings therein, and that the probate court of Pierce county wrongfully and unlawfully assumed to act in the matter. We think the objection is a valid one, and must be sustained. Where the estate of the deceased is in more than one county, he having died out of the territory, our statute expressly provides that the probate court of the county in which application is first made for letters of administration shall have exclusive jurisdiction of the settlement of the estate. Code Wash. T., § 1341; *Estate of Scott,* 15 Cal. 220; *Beckett v. Selover,* 7 Cal. 215, 236; *Holyoke v. Haskins,* 5 Pick. 20; Wells on Jurisdiction of Courts, § 156.

This being decisive of the case, we need not stop to consider minor questions raised in the briefs, and discussed by the respective counsel.

Whether appellees have any title to the disputed premises we will not undertake to say. But we will here state that we are of the opinion that if the territory is the owner of the land, the title vested in it immediately on the death of Gilbert, without the aid or intervention of the probate court. See 6 Am. and Eng. Ency. of Law, 856–7, and cases cited; *Com. v. Hite,* 29 Am. Dec. 235, notes. And in that case it can recover possession of the land, like any other owner, by an appropriate action in the proper court.

The judgment of the court below, dismissing plaintiff's complaint, is affirmed.

STILES, DUNBAR and SCOTT, JJ., concur.

HOYT, J., not sitting.