[No. 13068.   Department One.   October 2, 1915.]

THE STATE OF WASHINGTON, *on the Relation of Fidelity &*
*Deposit Company, of Maryland, Plaintiff,* v. THE
SUPERIOR COURT FOR CLALLAM COUNTY,
*Respondent.*[1]

COURTS — CONFLICTING   JURISDICTION — DETERMINATION — NOTICE.
Upon prohibition to the superior court of one county to prevent its
taking jurisdiction of a case during the pendency of a like action
in another county, notice of the pendency of the former action is not
a determining factor.

SAME—CONFLICTING   JURISDICTION — DETERMINATION — COMPLAINT.
Upon prohibition to the superior court of one county to prevent its
taking jurisdiction of a case during the pendency of a like action in
another county, the sufficiency of the complaint in the former action
is a matter within the jurisdiction of that court to determine, and
will therefore not be considered by the supreme court.

SAME — CONFLICTING JURISDICTION — RECEIVERS — APPOINTMENT.
Where an action has been commenced in the superior court of one
county for an appointment of a receiver of all the property of an
insolvent corporation, in the interest of all the creditors and parties
interested, that court acquires jurisdiction of the action and the *res*
without first reducing the property to possession, to the exclusion of
the superior court in any other county where a like relief may be
sought during the pendency of the first action; hence it is not essen-
tial to such exclusive jurisdiction that a receiver be first appointed
in that action.

SAME.   In such a case, it is immaterial to such exclusive jurisdic-
tion that the subsequent action in another county is brought by a
creditor who was not a party to the first action; since he can obtain
relief in the former action.

Application filed in the supreme court September 11,
1915, for a writ of prohibition to prevent the superior court
for Clallam county, Ralston, J., from assuming jurisdiction
over the property of an insolvent corporation.   Granted.

*Trefethen, Grinstead & Laube,* for relator.

*T. F. Trumbull,* for respondent.

[1]Reported in 151 Pac. 1094.

PARKER, J.—This case presents for our consideration a question of conflict of jurisdiction arising between the superior court of Clallam county and the superior court of King county. The relator seeks to have the superior court of Clallam county prohibited from assuming jurisdiction and dominion over the property of the Port Angeles Transportation Company, through a receiver appointed by that court in an action commenced therein by a creditor of the company seeking judgment against it for the amount of his claim, and the appointment of such receiver because of its insolvency. The relator's claimed right to such prohibition is rested upon the pendency of an action in the superior court of King county, commenced therein by the relator before the commencement of the action in the superior court of Clallam county, in which action the relator, as pledgee of a large amount of the capital stock of the company, and claiming the rights of a stockholder therein, seeks the appointment of a receiver for all of the property of the company and the winding up of its affairs in the interest of all parties concerned.

The petition filed in this court by the relator, and the answer thereto filed in response to our alternative writ of prohibition issued upon the filing of the petition, show the controlling facts to be undisputed ·and as follows: On March 5, 1915, there was duly served and filed a summons and complaint in the superior court of King county in an action wherein this relator is plaintiff and the Port Angeles Transportation Company is defendant. The relator, claiming to be the pledgee of a large quantity of the capital stock of the company and, as such, claiming the rights of a stockholder in the premises, seeks in that action to have a receiver appointed for all the property of the company, the property sold and the proceeds thereof distributed to those entitled thereto; in other words, to have the affairs of the company wound up, upon the ground of mismanagement of its affairs by its officers, and also upon the ground of its insolvency.

The company appeared in that action and demurred to the complaint of the relator, which demurrer was by the court sustained on March 16, 1915, and the relator "given leave to file an amended and supplemental complaint." On May 24, 1915, the relator filed its amended and supplemental complaint renewing its application for the appointment of a receiver. A show cause order bringing before the court the question of the appointment of a receiver was issued. On June 16, 1915, upon demurrer to this amended and supplemental complaint, the show cause order was by the court "vacated and discharged" and the demurrer sustained. The order sustaining this demurrer contained the following:

"It is further ordered by the court that plaintiff, be and it hereby is given leave to file a second amended and supplemental complaint at any time prior to and including October 1, 1915."

On August 26, 1915, the relator filed its second amended and supplemental complaint renewing its application for the appointment of a receiver, when the court issued another order to show cause why a receiver should not be appointed as prayed for, returnable September 2, 1915, containing, among other things, the following:

"It is further ordered that service of the second amended and supplemental complaint herein, together with a copy of this order, upon the attorneys of record for the defendants, shall constitute due service and notice of said hearing for the appointment of such receiver."

On August 19, 1915, while the cause above mentioned was pending in the superior court of King county, Peter Grubb, a creditor of the Port Angeles Transportation Company, commenced an action in the superior court of Clallam county seeking recovery of a judgment against the company for the amount of his claim, and also seeking the appointment of a receiver of the property of the company upon the ground of its insolvency. The fact of the pendency of the action in the superior court of King county was called to

the attention of the superior court of Clallam county before its appointment of a receiver in the action pending therein, by Loren Grinstead, a duly admitted and practicing attorney of this state acting as *amicus curiae*. Thereafter the superior court of Clallam county appointed a receiver of the property of the Port Angeles Transportation Company, evidently being of the opinion that it had jurisdiction so to do notwithstanding the pendency of the action in the superior court of King county. Thus is presented the question of whether the jurisdiction of the superior court of King county, by virtue of the pendency of the action therein, is such as to preclude exercise of jurisdiction and dominion over the property of the Port Angeles Transportation Company by the superior court of Clallam county through the receiver appointed by it.

Counsel appearing in behalf of the superior court of Clallam county in support of its jurisdiction contends against the right of the *amicus curiae* to raise the question of jurisdiction in that court as was suggested to that court by the *amicus curiae*, and also against the sufficiency of the second amended and supplemental complaint filed by the relator in the action pending in the superior court of King county. We think, however, that the real problem here for solution is not at all dependent upon the answer to either of these questions. If, as a matter of fact, the superior court of King county had acquired jurisdiction to determine the question of whether a receiver should be appointed for all of the property of the Port Angeles Transportation Company, in an action pending in that court in which the question of sequestration and administration of the property of the company was to be for the benefit of all having an interest therein, and the possession and control of all the property was necessary to the granting of the relief prayed for in that action, the jurisdiction of the superior court of King county is not dependent on the knowledge or lack of knowledge relative thereto of the superior court of Clallam county; nor will we

test the jurisdiction of the superior court of King county by here determining the sufficiency of the second amended and supplemental complaint filed in that action. That the appointment of a receiver of an insolvent corporation is a subject-matter within the jurisdiction of the superior court of King county is, of course, too plain to admit of argument; hence it is manifest that the second amended and supplemental complaint presents to the superior court of King county, as did the former complaints, a question which is within its jurisdiction to decide.

Now nothing could seem plainer than that the action commenced by the relator in the superior court of King county is still pending and undisposed of. Whether, by the jurisdiction of that court thus acquired, it not having appointed a receiver and taken physical possession of the property, all other courts of concurrent jurisdiction are thereby prevented from exercising dominion and control over the property through a receiver, is the real question before us. Counsel for the superior court of Clallam county insist that the fact that the superior court of King county has not yet appointed a receiver and taken actual possession of the property leaves the superior court of Clallam county free to exercise dominion and control over the property through a receiver appointed by it, without thereby conflicting with the jurisdiction of the superior court of King county. The question of when the jurisdiction of a court draws to itself exclusive power to deal with property the subject of litigation in a pending action was formerly a matter of some uncertainty, but the decisions of recent years render such question determinable by the nature of the action.

In *Adams v. Mercantile Trust Co.*, 66 Fed. 617, 621, Judge Pardee of the fifth circuit court of appeals of the United States, speaking for the court, quotes with approval from a former decision of Justice Woods while on the Federal circuit bench, as follows:

"Is actual seizure of the property necessary to the jurisdiction of the court? In my judgment, it is not. In this case I think the jurisdiction of the United States circuit court for the Northern district of Georgia first attached to the property, because the suit in that court was first commenced, and service of subpoena made, and because (1) one of the main objects of the suit was to obtain possession of the property, and such possession was necessary to the full relief prayed by the bill."

In *Illinois Steel Co. v. Putnam,* 68 Fed. 515, 517, Judge McCormick, speaking for the circuit court of appeals for the fifth circuit, said:

"Where a bill in equity brings under the direct control of the court all the property and estate of the defendants, or of certain named defendants, or certain designated property of all or of either of the defendants, to be administered for the benefit of all entitled to share in the fruits of the litigation, and the possession and control of the property are necessary to the exercise of the jurisdiction of the court, the filing of the bill and service of process is an equitable levy on the property, and pending the proceedings such property may properly be held to be *in gremio legis.* The actual seizure of the property is not necessary to produce this effect, where the possession of the property is necessary to the granting of the relief sought. In such cases the commencement of the suit is sufficient to give the court whose jurisdiction is invoked the exclusive right to control the property."

In Alderson, Receivers, at page 24, the learned author, upon a review of the question, refers to the above quoted language of Judge McCormick as a correct and full statement of the present prevailing rule in both the Federal and state courts, stating the rule in his own text as follows:

"The commencement of a suit, the object of which is to have certain property sequestered and administered for the benefit of all having an interest therein, and the possession and control of which are necessary to grant the full relief prayed for, constitutes an equitable levy, and pending the suit such property is *in gremio legis*—and the court whose

jurisdiction is first invoked, whether state or Federal, has the exclusive right to seize and administer the property over another court of concurrent jurisdiction in which a subsequent suit is commenced, though a receiver be first appointed therein and actually takes possession of the property."

In *Farmers' Loan & Trust Co. v. Lake Street Elev. R. Co.*, 177 U. S. 51, 61, Justice Shiras, speaking for the supreme court of the United States, observed:

"The possession of the *res* vests the court which has first acquired jurisdiction with the power to hear and determine all controversies relating thereto, and for the time being disables other courts of co-ordinate jurisdiction from exercising a like power. This rule is essential to the orderly administration of justice, and to prevent unseemly conflicts between courts whose jurisdiction embraces the same subjects and persons.

"Nor is this rule restricted in its application to cases where property has been actually seized under judicial process before a second suit is instituted in another court, but it often applies as well where suits are brought to enforce liens against specific property, to marshal assets, administer trusts or liquidate insolvent estates, and in suits of a similar nature where, in the progress of the litigation, the court may be compelled to assume the possession and control of the property to be affected."

In *State ex rel. Scandinavian-Am. Bank v. Tallman*, 29 Wash. 411, 69 Pac. 1115, this court expressed views in harmony with this doctrine.

It seems plain to us from these decisions, and numerous others of the same purport which might be noticed, that, in view of the fact that the case pending in the superior court of King county has for its object and purpose the sequestration, control and disposition of all of the property of the Port Angeles Transportation Company in the interest of all parties concerned, and that the possession and control of that property is necessary to the granting of not only full relief, but any relief as prayed for by the relator, the superior court of King county has such jurisdiction over the

question of the appointment of a receiver for that property as necessarily prevents every other court from in any way exercising dominion or control over the property through a receiver while that action is pending in the superior court of King county.

Some contention is made rested upon the fact that the parties in the two actions here involved are different, in that Peter Grubb, the plaintiff in the Clallam county action, is not a party to the King county action. This, however, does not change the nature and far reaching effect of the jurisdiction of the superior court of King county, in so far as that jurisdiction is invoked to exercise the power of sequestration of the property of the Port Angeles Transportation Company. That action must be viewed as in substance *in rem*. The administration of the property sought in the superior court of King county is as much for the benefit of Peter Grubb, if he in fact be a creditor of the Port Angeles Transportation Company, as any one else who may be interested therein. He is not in the least denied any of his rights. The superior court of King county is open to him in that action. The decision of the Alabama supreme court in *Gray v. South & N. A. R. Co.*, 151 Ala. 215, 43 South. 859, 11 L. R. A. (N. S.) 581, supports this view.

We conclude that the relator is entitled to have issued from this court a writ of prohibition against the superior court of Clallam county preventing it from exercising dominion and control, through its receiver, over the property of the Port Angeles Transportation Company, as long as the action commenced by the relator in the superior court of King county remains pending in that court. It is ordered that a writ of prohibition issue accordingly.

MORRIS, C. J., MAIN, ELLIS, and HOLCOMB, JJ., concur.