[No. 19240. Department One. May 12, 1925.]

THE STATE OF WASHINGTON, *on the Relation of Simon Greenberger, Plaintiff*, v. THE SUPERIOR COURT FOR KING COUNTY, *King Dykeman, as Judge, et al., Respondents.*[1]

COURTS (62)—GUARDIANS (1)—CONFLICTING JURISDICTION—PENDENCY OF GUARDIANSHIP PROCEEDINGS. The superior court of one county, having acquired jurisdiction of guardianship proceedings, does not lose control of the case by removal of the guardian for failure to file a report, so as to permit the superior court of another county to assume jurisdiction of proceedings to appoint another guardian; notwithstanding the removal of the ward from the first county to the second county.

Application filed in the supreme court March 30, 1925, for a writ of prohibition to prevent the superior court for King county, Dykeman, J., from proceeding in a guardianship matter. Granted.

*A. W. Buddress*, for relator.

*W. G. Beardslee* and *S. B. Bassett*, for respondents.

MAIN, J.—This is an application for a writ of prohibition seeking to prevent the superior court from proceeding in a guardianship matter.

On November 30, 1921, Simon Greenberger was appointed guardian of the person and estate of Simon L. Pattison, a minor, by the superior court of Jefferson county. On January 9, 1925, he was removed as such guardian by that court for failure to make a report. On January 20, 1925, Earl B. Thomas filed a petition in the superior court of King county for appointment of a guardian of the person and estate of Simon L. Pattison, who was then twelve years of age, and on that date he was appointed such guardian. The ward,

[1]Reported in 235 Pac. 957.

his sister having married and with her husband moved to Seattle, came to that city to reside. The action in Jefferson county has at no time been terminated. The removal of the guardian for failure to make a report did not terminate the pendency of the action in that county.

The question is whether the superior court of Jefferson county and the superior court of King county can entertain concurrently jurisdiction of the same proceeding. By § 6, of art. 3, of the constitution, the superior courts of the state are courts of general original jurisdiction and "their process shall extend to all parts of the state." It is an accepted principle that, when a court of competent jurisdiction has become possessed of a case, its authority continues, subject only to the appellate authority, until the matter is finally and completely disposed of, and no court of co-ordinate authority is at liberty to interfere with its action. In *MacLean v. Wayne Circuit Court,* 52 Mich. 257, it was said:

"It is a familiar principle that when a court of competent jurisdiction has become possessed of a case, its authority continues, subject only to the appellate authority, until the matter is finally and completely disposed of; and no court of co-ordinate authority is at liberty to interfere with its action. The principle is essential to the proper and orderly administration of the laws; and while its observance might be required on the grounds of judicial comity and courtesy, it does not rest upon such considerations exclusively, but is enforced to prevent unseemly, expensive and dangerous conflicts of jurisdiction and of process. If interference may come from one side, it may from the other also, and what is begun may be reciprocated indefinitely. The country has witnessed some such conflicts in which Federal and state courts of co-ordinate powers have unguardedly or unadvisedly undertaken to hamper or restrain each other's action; and the

mischiefs of which such cases are suggestive are quite as likely to arise when courts existing as part of the same system intrude with their process upon each other's authority."

In *State ex rel. Fidelity & Dep. Co. v. Superior Court*, 87 Wash. 498, 151 Pac. 1094, it was held that, where an action had been commenced in the superior court of one county for the appointment of a receiver of all the property of an insolvent corporation, that court acquired jurisdiction of the action to the exclusion of the superior court in any other county where a like relief may be sought during the pendency of the first action. In 1 Freeman on Judgments (4th ed.), § 118 a, it was said:

"The authorities agree that when a court has obtained jurisdiction over an action, it is entitled to pursue such jurisdiction to final judgment, and that, its jurisdiction cannot be divested by the bringing of another action in a court of concurrent jurisdiction, and that, notwithstanding the bringing of the second action, the court first acquiring jurisdiction will not hesitate to proceed, irrespective of what may be done in the other action by the other court. So far as we are aware, no instance has ever occurred in which the court last acquiring jurisdiction has proceeded to judgment and sought to enforce such judgment notwithstanding the pendency of the prior action."

The fact that the ward had moved from Jefferson county, where the first action was pending, to King county, where the second proceeding was begun, does not confer upon the court of the latter county jurisdiction. *Marheineke v. Grothaus*, 72 Mo. 204.

The writ will issue.

TOLMAN, C. J., MITCHELL, FULLERTON, and ASKREN, JJ., concur.