[No. 20354. Department One. April 21, 1927.]

*In the Matter of the Guardianship of* ROBERT FRANK STANLEY.[1]

[1] APPEAL (358)—DISMISSAL—PRACTICE ON MOTION TO DISMISS. A motion to dismiss an appeal for failure to serve a necessary party will be denied, where the affidavits showing such fact were denied.

[2] GUARDIAN AND WARD (2)—PERSONS WHO MAY BE APPOINTED—PRIOR RIGHT OF PARENT. A wife is entitled to the appointment as guardian of her minor child, in her custody, as against parents of an insane husband, in the absence of a showing that the welfare of the child has not been properly looked after.

Appeal from an order of the superior court for Spokane county, Huneke, J., entered September 9, 1926, appointing a guardian for the person of a minor child. Reversed.

*John F. Aiken,* for appellant.

*Lund & Dodds,* for respondent.

MAIN, J.—Jeannette Stanley, the mother of Robert F. Stanley, filed a petition in the superior court asking that she be appointed guardian of the estate of the minor. In this proceeding, D. F. Stanley, the guardian

[1]Reported in 255 Pac. 656; 258 Pac. 859.

of Robert I. Stanley, the boy's father, appeared and the attorney for the United States Veterans' Bureau also appeared. The trial resulted in an order appointing the Old National Bank and Union Trust Company of Spokane as guardian of the estate of the minor, and Bessie F. Ware, an aunt of the minor, as guardian of his person. The petitioner, Jeanette Stanley, appeals, but does not contest the portion of the order appointing the Old National Bank and Union Trust Company guardian of the estate. Her only complaint is being deprived of the guardianship of the person of her minor son.

[1] A motion to dismiss the appeal is made because it is claimed that the notice of appeal was not served upon the United States Veterans' Bureau. Whether the motion was so served is a disputed question of fact. On the one side, there is an affidavit stating that the service was made by mail and setting out the details thereof. On the other side, there is an affidavit that the motion was not received. This being the state of the record we are disposed to think that the motion to dismiss should be denied.

[2] The question upon the merits is whether the court was authorized, under the facts and the law, to deprive the appellant, the mother of the boy, of the right to be the guardian of his person. The appellant and Robert I. Stanley were married during the month of August, 1919. As a result of this marriage, one child was born, Robert F. Stanley, who is now six years of age. At the time of the trial, Robert I. Stanley, the appellant's husband and the boy's father was confined in the United States hospital at American Lake, this state, and was mentally afflicted. The appellant and Robert I. Stanley, her husband, had not lived together since the time, when the boy was about six months of

age. The appellant, at all times since the child was born has taken care of him, supported and maintained him. She worked as a waitress or chamber maid, and had the child taken care of by some other person, for which she paid. For four years prior to the trial, the boy had been with a Mrs. Ruffner at Roslyn, B. C., and the appellant had paid twenty dollars per month for his care and support and had provided him with clothing. At the time of the trial, all obligations in this respect were paid up to date. Not a word in the record is said against the home in which the boy had been for four years. In fact, the trial judge stated that, when Mrs. Ruffner was on the witness stand, she appeared to be a "splendid woman." It definitely appears that the child has been well cared for and is being properly brought up. The appellant, being under the necessity of working for a livelihood, of course cannot keep him with her.

The parent is the natural guardian of the child recognized as such by law, and in the absence of a showing that the welfare of the child has not been properly looked after this right should not be abridged. It is said that the appellant has done things of which the conventions of society disapprove and the law forbids. However this may be, there is no showing that she has not been a good mother to her child. Conceding that her conduct may have been bad in certain respects, it is in no way reflected in the care that has been given or the influence that has surrounded the child. Simply because a mother may have made mistakes and may not at all times have pursued a course which society and the law approves, does not furnish a reason for depriving her of the guardianship of the person of her offspring.

That portion of the order appointing Bessie F. Ware

guardian of the person will be reversed, and the cause remanded with direction to the superior court to appoint the appellant guardian of the person of Robert F. Stanley, her minor son.

MACKINTOSH, C. J., MITCHELL, FRENCH, and FULLERTON, JJ., concur.

### ON PETITION FOR REHEARING.
[Department One.   August 25, 1927.]

PER CURIAM.—While the petition for rehearing was pending in this case and before it was disposed of, our attention was called to certain matters which have happened since the department opinion was filed. These matters cannot now be considered by us as a part of the record in the case, and they may have an important bearing upon whether Jeannette Stanley is a suitable and proper person to be appointed guardian of the person of Robert F. Stanley, her minor son. Taking the facts as they appear in the record upon appeal, we adhere to the view that the case was properly disposed of in the opinion of the department. That opinion will be adhered to, but without prejudice to the right of the respondent to move in the superior court for a modification of the order directed in the opinion. If such an application be made, the trial court is authorized to receive and consider all proper evidence, bearing upon the question as to whether Jeannette Stanley should be the guardian of the person of her minor son, and make what it may deem a proper disposition of the case. The petition for rehearing will be denied.