[No. 29794.   Department Two.   February 8, 1946.]

THE STATE OF WASHINGTON, *on the Relation of Salem R.
Towne et al., Plaintiff,* v. THE SUPERIOR COURT FOR
KITSAP COUNTY, *Edmund Stafford, Judge,
Respondent.*[1]

*Rummens & Griffin* and *Marion Garland, Jr.,* for relators.

*Frederick B. Cohen* and *Ronald E. Danielson,* for respondent.

[1]Reported in 165 P. (2d) 862.

BLAKE, J.—This case is here on certiorari to review an order of the juvenile court of Kitsap county adjudicating a four-year-old child to be a dependent and establishing her status as a ward of the court.

The child is the illegitimate daughter of Irene Vinsant. Irene Vinsant is the daughter of Demaris Towne, who, together with her husband, Salem R. Towne, sued out the writ which brings the case before us.

Admittedly, Irene Vinsant is unfit to have the custody and control of the child. However, that fact did not deprive her of the right—at least prior to assumption of jurisdiction by the juvenile court—of consenting to the adoption of the child by, and surrendering her to the custody of, a fit and proper person. See *In re Stanley*, 143 Wash. 440, 255 Pac. 656, 258 Pac. 859.

On November 10, 1944, Irene Vinsant gave her written consent to Mack S. Kaliszewski and his wife, Sylvia M. Kaliszewski, for the adoption of the child. On January 26, 1945, while adoption proceedings instituted by the Kaliszewskis were pending, she revoked her consent given on November 10, 1944. That she had the legal right and power to revoke the consent she had given, is not questioned.

From January, 1943, until September, 1945, the actual custody and care of the child was committed to its maternal grandmother and the latter's husband, Salem R. Towne. On March 1, 1945, Irene Vinsant executed her consent to the adoption of the child by the Townes, and gave her "full release to said child to them." The Townes, shortly thereafter, filed a petition for adoption, which invoked the jurisdiction of the superior court for Kitsap county pursuant to the provisions of the Laws of 1943, chapter 268, p. 828 (Rem. Supp. 1943, § 1699-1 *et seq.*). Section 3 (c) (Rem. Supp. 1943, § 1699-4 [P.P.C. § 354f-7]) of that act provides:

"Written consent to such adoption must be filed prior to a hearing on such petition, as follows: . . . If the person to be adopted be illegitimate and a minor, then by his mother, if living, except as hereinafter provided; . . ."

The circumstances under which consent of the mother is not required are set out in five subdivisions of § 4. The only provisions pertinent to the situation now presented are contained in § 4 (b), which provides:

"No consent for the adoption of a minor shall be required . . . from a parent who *has been* deprived of the custody of such child by a court of competent jurisdiction, after notice: . . . " (Italics ours.)

Subsequent to the institution of adoption proceedings by the Townes, Mrs. Kaliszewski filed a petition in the juvenile court, which instigated the inquiry and invoked the order now under review. Obviously, at the time the Townes instituted proceedings for adoption, the mother of the child had *not* been deprived of its custody "by a court of competent jurisdiction."

██ Of several assignments of error made by petitioners, we shall consider only one. The question raised is whether the juvenile court should not have held in abeyance proceedings on Mrs. Kaliszewski's petition of dependency until the adoption proceedings instituted by the Townes in the superior court had been disposed of finally.

The question, we think, must be resolved in favor of the petitioners upon the principle that, when the jurisdiction of two courts is invoked concerning the same subject of controversy, the court first obtaining jurisdiction is vested with power to determine the controversy to the exclusion of the court the jurisdiction of which is last invoked. *Territory v. Klee,* 1 Wash. 183, 23 Pac. 417; *State ex rel. Fidelity & Deposit Co. v. Superior Court,* 87 Wash. 498, 151 Pac. 1094; *State ex rel. Greenberger v. Superior Court,* 134 Wash. 400, 235 Pac. 957; *In re Gaddis,* 12 Wn. (2d) 114, 120 P. (2d) 849.

In the *Greenberger* case, it was held that the superior court of one county, having acquired jurisdiction of guardianship proceedings, did not lose control of the case by removal of the guardian for failure to report so as to permit the superior court of another county to assume jurisdiction of proceedings to appoint another guardian, notwithstanding the removal of the ward from the first to the

second county. And in the *Gaddis* case, involving the administration of the estate of an incompetent, the court applied the principle, saying, p. 124:

"We are clearly of the opinion that, so long as the ward remains subject to his disability, and continues to reside within this state, the superior court which originally acquired jurisdiction retains the same, for all purposes connected with the administration of the ward's estate. A subsequent change of residence to a different county by the guardian, or the ward, or both of them, cannot confer upon the court of the new county of residence any jurisdiction over the guardianship matter."

Now, the subject matter of controversy in the instant case is the welfare and custody of the child. Under chapter 268, p. 828, Laws of 1943, the *superior court* of Kitsap county is vested with plenary power to inquire into and determine the subject matter in controversy. Of course, the juvenile court, under Rem. Rev. Stat., § 1987-1 *et seq.* [P.P.C. § 359-1] as amended, is vested with like powers. Whether the superior court's jurisdiction (having first been invoked) is exclusive as between it and the juvenile court of the same county, as is the case between superior courts of different counties, we are not called upon to decide, since petitioners ask only that the proceedings in the juvenile court be held in abeyance until the adoption proceedings in the superior court are finally determined. Under the facts disclosed by the record, we think that should be done.

The order under review is therefore reversed and the cause is remanded to the juvenile court, with direction to hold all proceedings on the petition of dependency filed by Mrs. Kaliszewski in abeyance until the adoption proceedings pending in the superior court have been finally adjudicated.

DRIVER, C. J., ROBINSON, and JEFFERS, JJ., concur.

SIMPSON, J., dissents.

March 25, 1946. Petition for rehearing denied.